420 So.2d 308 (1982)
PINELLAS COUNTY, Florida, Appellant,
v.
Peter BROWN and J. Warren Hughes, Appellees.
No. 81-1463.
District Court of Appeal of Florida, Second District.
July 7, 1982.
As Clarified on Denial of Rehearing October 15, 1982.
Charles L. Siemon and Wendy U. Larsen of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., W. Gray Dunlap, County Atty., and Helen K. Hobbs, Asst. County Atty., Clearwater, for appellant.
James A. Martin, Jr., of McMullen, Everett, Logan, Marquardt & Cline, Clearwater, for appellees.
SCHEB, Judge.
Appellant, Pinellas County, challenges a judgment for damages awarded against it because it withheld issuing a building permit to appellee landowners. We reverse.
On May 10, 1979, appellees Brown and Hughes applied to the county for a permit to erect a manufacturing plant for their yacht business. When appellees purchased their land in 1978, it was zoned M-1, an industrial classification which permitted their proposed use. Although there had been no change in the zoning, the county denied the permit because its comprehensive land use plan, adopted in 1974, did not *309 sanction manufacturing uses on appellees property. The county's policy in this situation was to withhold the permit until the conflict was resolved.
Appellees were informed of the policy and proceeded to petition the county to amend its plan to allow their request. On July 24, 1979, the county denied the request and directed its staff to initiate rezoning of appellees' parcel to C-3. This is a commercial zoning category in harmony with the land use plan but it would not permit appellees' proposed use.
Appellees sued the county seeking injunctive relief and damages. During the litigation on November 15, 1979, the county attorney represented to the court that the county had determined to revise the land use plan to accommodate appellees' request and that the permit would be issued. That point was then moot so the litigation proceeded only on the count seeking damages which appellees claimed on the basis of the county's initial denial and its attendant delay in approving their application for a permit. Before the appellees were assured of receiving their building permit, they purchased another suitable parcel and erected their plant thereon. The county's acts finally became official on February 20, 1980, when the Pinellas County Planning Council amended the countywide plan to reflect the change to an industrial classification of appellees' property.
In a nonjury trial the court awarded appellees $116,077.15. The county's motion for rehearing was denied and this appeal ensued. The court made no specific findings of fact or conclusions of law as to the basis of its award. However, both parties argue this appeal in light of whether there has been a taking by the county compensable under the theory of inverse condemnation.
Did the county's denial in issuing a building permit for a use permitted by its zoning ordinance while it resolved the conflict between its ordinance and comprehensive land use plan constitute a taking, thereby rendering the county liable to the appellees for damages? We think not.
At the outset, we recognize that the basic rights arising from ownership of property must always be balanced against the government's power to protect and regulate in the interest of public health, safety, morals, and general welfare. Thus, the zoning of land and the attendant administration of zoning ordinarily gives no rise to any claim for compensation by owners against the zoning authority.
Appellees, however, seek to sustain their judgment for damages on the ground that the county's action precluded them from using their property for one of the uses permitted under the applicable zoning ordinance. The county's action, appellees say, was equivalent to the county condemning their property under its power of eminent domain.
Eminent domain is the exercise of the government's power to take private property for public purposes. This sovereign power is limited by our constitution, which states that any taking of private property for a public purpose must be with full compensation to the owner. Art. X, § 6, Fla. Const. (1968). Ordinarily, a public body seeking to take private land for the public good will exercise its power to condemn through formal proceedings. On the other hand, if a public body takes private property without initiating formal proceedings, the injured property owner may bring an action in inverse condemnation. City of Jacksonville v. Schumann, 167 So.2d 95 (Fla. 1st DCA 1964), cert. denied, 172 So.2d 597 (Fla. 1965). Of course, the action will not lie unless there has been a taking, and the question of what constitutes a taking is a matter for judicial determination depending upon the facts and circumstances of each case. See State Department of Health & Rehabilitative Services v. Scott, 418 So.2d 1032 (Fla. 2d DCA 1982).
There is no settled formula for determining when the valid exercise of police power stops and an impermissible encroachment on private property rights begins. Graham v. Estuary Properties, Inc., 399 So.2d 1374 *310 (Fla. 1981). However, the most common cases of inverse condemnation involve an actual physical invasion and in these instances the courts more readily find a taking to have occurred. See 21 Fla.Jur.2d Eminent Domain 65 (1980). Nevertheless, there are instances where overly restrictive regulations and actions can result in a taking. See Askew v. Gables-by-the-Sea, Inc., 333 So.2d 56 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 420 (Fla. 1977).
In order to establish a taking, appellees must show that the county's actions have substantially deprived them of all beneficial uses of the property, as compared with merely impairing its use. State Department of Transportation v. Donahoo, 412 So.2d 400 (Fla. 1st DCA 1982); Village of Tequesta v. Jupiter Inlet Corp., 371 So.2d 663 (Fla.), cert. denied, 444 U.S. 965, 100 S.Ct. 453, 62 L.Ed.2d 377 (1979).
Assuming that appellees were entitled to a permit since existing zoning allowed it, and further assuming that the conflict between the ordinance and the comprehensive plan did not constitute a pending change as contemplated by Smith v. City of Clearwater, 383 So.2d 681 (Fla. 2d DCA 1980), cert. dismissed, 403 So.2d 407 (Fla. 1981), we do not think that the county's denial constituted a taking of appellees' land. First, appellees were not completely deprived of all beneficial uses of their property; they were only deprived of their particular requested use. Appellees did not seek to use their property for commercial uses which presumably would have been approved. Second, appellees were only deprived temporarily as the county stipulated that it would issue the permit even before a judicial determination was reached.
We therefore hold that irrespective of whether appellees were entitled to a permit, the county's original denial and attendant delay in approving their application did not rise to the level of a taking.
Accordingly, we vacate the judgment against the county and remand for appropriate proceedings.
OTT, C.J., and SCHOONOVER, J., concur.