464 So.2d 176 (1985)
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Dale W. ASHLEY, Appellee.
No. 84-1801.
District Court of Appeal of Florida, Second District.
February 1, 1985.
Rehearing Denied March 6, 1985.
Van B. Cook, Co. Atty., Clearwater, for appellant.
James A. Helinger, Jr., Clearwater, for appellee.
DANAHY, Judge.
Pinellas County takes this appeal from a nonfinal order which determined liability in favor of appellee landowner who sought compensation for inverse condemnation of *177 his property. We reverse on the authority of our decision in Pinellas County v. Brown, 420 So.2d 308 (Fla. 2d DCA 1982), petition for rev. denied, 430 So.2d 450 (Fla. 1983).
Brown concerned factual circumstances similar to those in the case before us. There we held that the county's denial of a building permit for a use permissible only under its zoning ordinance and the attendant reasonable delay occurring while it resolved the conflict between the ordinance and its comprehensive land use plan[1] did not rise to the level of a taking. In doing so, this court said:
In order to establish a taking, appellees must show that the county's actions have substantially deprived them of all beneficial uses of the property, as compared with merely impairing its use. [Citations omitted.]
Assuming that appellees were entitled to a permit since existing zoning allowed it, and further assuming that the conflict between the ordinance and the comprehensive plan did not constitute a pending change as contemplated by Smith v. City of Clearwater, 383 So.2d 681 (Fla. 2d DCA 1980), cert. dismissed, 403 So.2d 407 (Fla. 1981), we do not think that the county's denial constituted a taking of appellees' land. First, appellees were not completely deprived of all beneficial uses of their property; they were only deprived of their particular requested use. Appellees did not seek to use their property for commercial uses which presumably would have been approved. Second, appellees were only deprived temporarily as the county stipulated that it would issue the permit even before a judicial determination was reached. [Emphasis supplied.]
Id. at 310.
In the case before us, appellee has only demonstrated that he was deprived of his particular requested use.[2] He has not established that the county's actions manifested an attempt to appropriate his property, even temporarily, or that he was deprived of all beneficial uses of his property during the period of conflict. Additionally, appellee was only deprived temporarily as the county resolved the conflict and rezoned the property to the residential use consistent with its comprehensive land use plan.
We note as well that the county's denial of the requested permit while it resolved the conflict between its zoning ordinance and comprehensive land use plan was in accord with the enabling legislation. § 163.3194, Fla. Stat. (1983). Appellee here, as in Brown, at no time sought to use his property for a use consistent with the plan. Had appellee made such a request and had the county also denied that request (based upon its policy) then arguably the county's actions would constitute a temporary taking. However, even in such a situation where a zoning ordinance or resolution is confiscatory, no inverse condemnation is necessary; the relief available is a judicial determination that the ordinance or resolution is unenforceable and must be stricken. See Dade County v. National Bulk Carriers, 450 So.2d 213 (Fla. 1984); Grady v. Lee County, 458 So.2d 1211 (Fla. 2d DCA 1984).
In view of the foregoing, the county's actions constituted a temporary impairment of use rather than a temporary taking for which compensation should be awarded. Accordingly, the partial final judgment is reversed and the cause is remanded with directions to enter judgment for the appellant.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Appellant adopted its land use plan pursuant to the Local Government Comprehensive Planning Act of 1975, section 163.3161, Florida Statutes (1983).
[2] Appellee applied for a land use permit to utilize the property in accordance with its current C-3 (commercial) zoning classification. The property was designated on the county's land use plan for low-density residential use. When the county denied appellee's application, it stated that, pursuant to its policy, "no land use permit may be issued in conflict with the Land Use Plan." [Emphasis supplied.]