467 So.2d 468 (1985)
CITY OF CAPE CANAVERAL, Appellant,
v.
Cuberta MOSHER, Appellee.
No. 83-1728.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
*469 Joseph W. Scott, Cape Canaveral, for appellant.
Jere E. Lober, and Lewis R. Pearce, Merritt Island, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The City of Cape Canaveral appeals from a summary final judgment declaring an amendment to its zoning ordinance void as applied to Mosher's property.
Briefly stated, Mosher sought a declaratory judgment holding that the city's action in amending its zoning ordinance to change the zoning of land along Long Point Road, which includes her property, from R-3 (a medium density residential district) to R-1 (single family residential) in 1983 was invalid. The initial zoning classification of R-3 complied with the comprehensive land use plan adopted by the city in 1980. Mosher alleged, inter alia, that she was not given written notice of the proposed change as required, that the amendment was not in accord with the comprehensive plan, and that no relationship existed between the re-zoning of the property and the general welfare of the community. The city answered and admitted all the operative facts of the complaint, denying only that Mosher was entitled to relief.
Mosher moved for summary judgment on the above grounds and the trial court granted her motion and ruled that the amendment is void. We affirm.
Our supreme court, in rejecting any estoppel argument to enforcement of a zoning amendment, has said that "All one who plans to use his property in accordance with existing zoning regulations is entitled to assume is that such regulations will not be altered to his detriment unless the change bears a substantial relation to the health, morals, welfare, or safety of the public." City of Miami Beach v. 8701 Collins Ave. Inc., 77 So.2d 428, 430 (Fla. 1954).
Here the following facts were established by admission of the city in its answer:
1. The re-zoned strip, including Mosher's land, was carved out of an existing R-3 zone.
2. Mosher did not receive notice as required by the zoning ordinance in effect at the time.
3. The new classification of Mosher's land was not in accordance with the comprehensive land use plan adopted by the city under the provisions of Chapter 163, Florida Statutes.
4. There was no relation whatever between the present (re-zoned) classification and the general welfare of the community.
There were no facts pleaded or demonstrated by affidavit or otherwise that the change bore a substantial relation to the health, morals, welfare, or safety of the public. The court was correct in concluding there was no genuine issue of material fact and in granting summary final judgment.[1]
AFFIRMED.
*470 DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
As I understand the majority opinion I fully concur in it.[1] I write specially because an appellate court should review and uphold a trial court decision on the point of law on which that decision was made unless that basis is erroneous but the decision can be upheld on some other point of law. In this case the trial court based its decision on a point of law different from that on which the majority opinion is based and the trial court is correct as to the point of law on which it based its decision[2] and should be affirmed on that basis.
As presented by the parties before the trial court and on appeal this case involves a question of whether the rezoning of a parcel of land was consistent with the comprehensive land use (zoning) plan of the zoning authority.
As is necessary for valid zoning and as required by statute[3] appellant city adopted a comprehensive land use (zoning) plan designating a large zone, including appellee's land, for medium density residential use. Later, the city rezoned some land, including appellee-owner's land, from R-3, a medium density residential classification permitting moderate multiple family rental use, to R-1, a more restrictive classification permitting less intensive use and allowing only single dwelling units. The owner sought relief from the rezoning by declaratory judgment and after a hearing on the owner's motion for a summary judgment, the trial court held the rezoning was inconsistent with the city's comprehensive zoning plan and voided it. The city appeals and argues that any zoning that is more restrictive or less intensive than that provided by a comprehensive plan is "consistent" with that plan.[4]
*471 Section 163.3194(1), Florida Statutes, defines the legal status of a comprehensive zoning plan to be such that after its adoption all land development regulations enacted or amended must be consistent with the adopted comprehensive plan. This requirement is itself consistent with the theory, purpose and validity of zoning.[5] The word "consistent" implies the idea or existence of some type or form of model, standard, guideline, point, mark or measure as a norm and a comparison of items or actions against that norm. Consistency is the fundamental relation between the norm and the compared item. If the compared item is in accordance with, or in agreement with, or within the parameters specified, or exemplified, by the norm, it is "consistent" with it but if the compared item deviates or departs in any direction or degree from the parameters of the norm, the compared item or action is not "consistent" with the norm.
A comprehensive land use plan legislatively sets a zoning norm for each zone. Under Section 163.3194(1) Fla. Stat., after adoption of such a plan, zoning changes, should be made only when existing zoning is inconsistent with the plan and then only in the direction of making the zoning more consistent with the plan; otherwise the plan should be legislatively amended as to the area of the entire zone or as to the uses permitted within the entire zone. This is what the trial court held and this is the only way to (1) regulate and maintain land use by zones; (2) make individual zoning changes, which are essentially executive action, conform to a legislated plan and (3) avoid arbitrary "spot zoning" change that permits the use of individual parcels to depart from a plan.
Because of the city's rezoning of the owner's land to a more restrictive classification permitting less intensive use than the use provided for in its comprehensive land use (zoning) plan was inconsistent with its plan and contrary to the dictates of Section 163.3194(1), Florida Statutes, the trial court was correct in voiding the rezoning and should be affirmed on that basis.
NOTES
[1] We take issue with Judge Cowart's statement in his concurrence that the majority opinion is based on a point of law different than that on which the trial court's decision was based. The trial court correctly found first that there was no genuine issue of fact (see footnote two of the concurring opinion). At that point, appellee was entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). Any further findings of fact or conclusions of law by the trial court then became superfluous and any additional discussions or analysis by this court became unnecessary and meaningless.
[1] I understand the majority opinion to apply a principle of law to the effect that a zoning change initiated by a zoning authority should be voided at the behest of the landowner unless the zoning authority establishes, as a matter of fact and to the satisfaction of the trial court, that the change bears a substantial relationship to the health, morals, welfare or safety of the public.
[2] The relevant portions of the appealed summary final judgment are as follows:

1. [finds no genuine issue of fact]
2. [finds plaintiff is owner]
3. [finds zoning prior to change to be R-3 which zoning was consistent with the city's comprehensive land use plan]
"4. That insofar as it pertains to Plaintiff's said real property, the zoning ordinance adopted by the Defendant on February 15, 1983, attempting to change the zoning classification of Plaintiff's said real property from R3 to R-1 was inconsistent with the land use element of said comprehensive plan of the Defendant and said zoning change on February 15, 1983, was not an amendment to the land use element of said comprehensive plan adopted in accordance with the requirements pertaining to same set forth in the `Local Government Comprehensive Planning Act of 1975' (Section 163.3161, et seq., Florida Statutes).
5. That said zoning change relating to the Plaintiff's property from R-3 to R-1 is invalid, and
Plaintiff's property is and remains zoned R-3."
[3] See, § 163.3184, Fla. Stat. (1983).
[4] The city's argument is based upon an early zoning concept that the purpose of zoning was to protect the property in a zone from less desirable uses than that specifically permitted. This concept is called the "cumulative" or "pyramid" style of zoning. Under this concept any use considered by the zoning authority to be more desirable (i.e. more restrictive or less intensive use), was considered to be "compatible" and "consistent" with any less desirable (less restrictive or more dense) zoning and was permitted in any area zoned for any less desirable use. This idea is now generally considered poor planning and zoning and the better practice is to restrict each different use and each different intensity to its own zone although many zoning ordinances still permit "pyramiding" to some extent. See 1 Rathkoff, The Law of Zoning and Planning, § 1.01 (4th Ed. 1984). One case, Marracci v. City of Scappoose, 552 P.2d 552 (Or. App. 1976) agrees with the city's argument and that case should not be followed.
[5] See 1 E. Yokley, Zoning Law and Practice § 5-2 (4th Ed. 1978).