WINIFRED J. SHARP, Judge,
dissenting.
I feel it necessary to dissent in this case, because, in my view, it involves and allows to stand an erroneously determined, important principle of law, which impacts on the viability of the Local Government Comprehensive Planning Act of 1975 (LGCPA) and local zoning bodies’ ability to comply with its mandates. For that reason, I would have granted the Orange County Board of County Commissioners’ petition for writ of certiorari. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.030(b)(2); Combs v. State, 436 So.2d 93 (Fla.1983).
In this proceeding, the circuit court originally affirmed the Board’s rezoning of respondent’s property. It found:
The Petitioners and Respondent agree that there have been no material changes from 1974 to date except the Local Government Comprehensive Planning Act of 1975 followed locally by the Orange County Growth Management policy. This 439 page document incorporating the results of eighteen (18) months of work accomplished by the Orange County staff and Citizens Advisory Committee was formally adopted pursuant to this legislative mandate in § 37-84, Orange County Code. The purpose of the LGCPA, as given in § 163.3161 Florida Statutes was to utilize and strengthen the existing role, processes and powers of local governments in establishment and implementation of comprehensive planning programs to guide and control future development. (Emphasis added). There is no question that this down-zoning in October of 1981 has reduced the highest economic use the property can be put to. There is nothing in our record to suggest that the rezoning in question was anything other than a proper and reasonable exercise of the police power of the health, welfare and safety of the general public.
Subsequently, after a motion for rehearing was filed, the trial court overturned its conclusion on the sole ground of res judi-cata. A 1974 suit allowed respondents to upgrade the agricultural zoning on the property to commercial and R-3. The court found that there had been no substantial change in the circumstances affecting the property since that 1974 lawsuit, and the parties were the same. I respectfully disagree that res judicata applies in this case.
The respondents’ property is a sixty-seven acre tract located in an unincorporated area of Orange County, across Reams Road from the main employee entrance to Walt Disney World. In 1973 respondents asked the Board to rezone the property from A-2 (farmland rural district) to R-3 *622 (multiple family dwelling district) and C-l (retail commercial district). The Board denied the rezoning and respondents petitioned for certiorari review in the circuit court.[1]
The circuit court ruled that the Board’s failure to grant the rezoning was arbitrary and unreasonable. The parties agree that the basis for this decision was anticipated needed development which then was nonexistent.[2] Disney World had recently opened and respondents asserted that there would be a need for employee housing and commercial development in that area. The Fourth District affirmed per curiam without opinion.[3] Thereafter, the Board rezoned the property to R-3 and C-l.
In June of 1980, Orange County adopted a Growth Management Policy (GMP), pursuant to the requirements of the Local Government Comprehensive Planning Act of 1975 (LGCPA). This law became effective on July 1,1975. It mandated that each city and county in the state adopt a comprehensive plan. § 163.3167(2), Fla.Stat. (1975). Under the GMP, the subject property was placed within a 1,200 acre “Rural Service Area,” which is designated for very low density residential use.
Also in June of 1980, the Planning and Zoning Commission undertook a study of the Reams Road area. It was updated in 1981. A staff report prepared for the Commission’s July 16, 1981 hearing, suggested:
The Commission may want to consider evaluating the C-l zoning on the property and determining the need for retail commercial services across the street from the Disney employee entrance. Staff is not recommending C-l zoning due to the location on the curve of Reams Road not being consistent with locational policies for commercial development and the lack of appropriate public facilities and services to support commercial development.
Based on the study recommendations and the GMP land use designation of the property as within the “Rural Service Area,” the Board rezoned respondents’ property to A-l (Citrus Rural District — [½ acre lot size]) and RCE-2 (Rural County Estates [2 acre lot size]). This was an administrative rezoning affecting the whole of the Reams Road study area, to achieve consistency with the GMP.
The record shows that respondents have not developed any of their lands consistent with the 1974 zoning, nor have they sought building permits to do so.[4] This is partly attributable to the lack of centralized sewer and water services to the property. It lies outside the urban service areas and there are no plans to extend such service to this area.
Also, the need forecast in 1974 for commercial and high density residential land use around Disney’s back door area failed to materialize. Disney met its own employee needs on its own property; new entrances to Disney World and Epcot reduced traffic volumes on Reams Road; and Disney officials have recently expressed an interest in developing employee housing in another area.
Respondents argue that the County must prove a change of circumstances in order to justify the rezoning, and to avoid the res judicata effect of the 1974 judgment. I think their reliance on Aronovitz v. Metropolitan Dade County, 290 So.2d 536 (Fla. 3rd DCA), cert. denied, 297 So.2d 837 (Fla.1974) and City of Coral Gables v. Wepman, 418 So.2d 339 (Fla. 3rd DCA), rev. denied, 424 So.2d 760 (Fla.1982), is mis *623 placed. Neither case involves rezoning consistent with a comprehensive plan pursuant to the LGCPA.
Under the LGCPA, the County is required to adopt a comprehensive land use plan, and to govern its development actions by that master plan. Section 163.3194(1), Florida Statutes (1983) provides:
After a comprehensive plan or element or portion thereof has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, government agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted. All land development regulations enacted or amended shall be consistent with the adopted comprehensive plan or element or portion thereof.
The 1974 zonings of R-3 and C-l for the property are inconsistent, and incompatible with the designated land use plan for the property and the surrounding zone designated as “Rural Service Area.” The 1974 zoning is also inconsistent with its present use. Were high density residential and/or commercial uses actually existing on part of the property or the immediate vicinity, that would be a different matter.[5] But to mandate that such incompatible development take place by disallowing rezoning consistent with the plan puts the integrity of the GMP in jeopardy, and renders the Board powerless to make its comprehensive plan a reality.
In City of Cape Canaveral v. Mosher, 467 So.2d 468 (Fla. 5th DCA 1985), we disapproved a city’s rezoning because, among other reasons, the rezoning was not consistent with the land use plan adopted under the LGCPA. As we suggested in that opinion, administrative zoning changes should be made only when existing zoning is inconsistent with the plan. Otherwise, the plan should be legislatively amended.
Such plans were designed to halt the mindless sprawl of development, which the legislature recognized as threatening to spoil the quality of life in our state’s communities. The LGCPA and the adoption of a local plan constitute a new approach to zoning, and a significant change in the applicable law. By itself, I think it constitutes a sufficient change to avoid the application of res judicata based on a pre-plan judgment. Wagner v. Baron, 64 So.2d 267 (Fla.1953); see Pinellas County v. Ashley, 464 So.2d 176 (Fla. 2d DCA 1985).
However, I also think that the eight to ten years of nondevelopment of this property constitutes a sufficient change of circumstances in this case to avoid any res judicatd effect of the 1974 judgment. The property was drastically up-zoned in 1974, largely in anticipation of burgeoning development around Disney World. Its failure to materialize within that period of time is a factor pertaining to the land itself, which is different in 1981 than it was in 1974. In any event, res judicata should be applied in zoning cases with great caution,[6] particularly where there has been such a gap in time.
I would grant the County’s petition for writ of certiorari and reinstate the circuit court’s first order, which affirmed the *624 Board’s rezoning to A-l and RCE-2 for this property.

. Tom Brown, Trustee v. Paul Pickett, et al., Case No. CI-73-2249.

. In its petition, Orange County states that the 1974 rezoning was based upon anticipated needed development spurred by Walt Disney World. At hearings before the Orange County Planning and Zoning Commission, an attorney spoke on respondents' behalf and stated that the 1974 rezoning occurred because of the establishment of Walt Disney World and "a need for housing in the immediate vicinity.”

. Pickett v. Brown, 305 So.2d 888 (Fla. 4th DCA 1974).

. The court found:
From March 1975 the owners did nothing to utilize the rezoning of their property.

. The circuit court’s initial affirmance of the rezoning in this case establishes that the Board’s action to downgrade the zoning in conformity with the comprehensive zoning plan was not unreasonable nor arbitrary. Further, the LGCPA does not contemplate unbridled discretion to rezone. Section 163.3194(3)(a), Florida Statutes (1983) provides:
A court, in reviewing local governmental action or development regulations under this act, may consider, among other things, the reasonableness of the comprehensive plan or element or elements thereof relating to the issue justifiably raised or the appropriateness and completeness of the comprehensive plan or element or elements thereof in relation to the governmental action or development regulation under consideration. The court may consider the relationship of the comprehensive plan or element or elements thereof to the governmental action taken or the development regulation involved in litigation, but private property shall not be taken without due process of law and the payment of just compensation.

. City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla.1957), cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 532 (1958).