652 So.2d 907 (1995)
Richard DAVIS, Property Appraiser of Bay County, and Larry Fuchs, Executive Director of the Department of Revenue Appellants,
v.
ST. JOE PAPER COMPANY, Appellee.
No. 93-3144.
District Court of Appeal of Florida, First District.
March 23, 1995.
Rehearing Denied May 4, 1995.
*908 Alvin L. Peters of McCauley & Peters, Panama City, for appellant Davis.
Ralph Jaeger, Asst. Atty. Gen., Tallahassee, for appellant Fuchs.
Fred H. Kent, Jr., of Kent, Hayden, Facciolo & McMorrow, Jacksonville, for appellee.
PER CURIAM.
In this appeal, appellants Davis and Fuchs challenge the trial court's judgment reversing Davis's denial of an agricultural use classification for certain property owned by appellee and situated in Bay County. We reverse the judgment of the trial court and remand.
In the proceedings below, appellee St. Joe Paper Company challenged the decision of Richard Davis, the property appraiser, and the Property Appraisal Adjustment Board, to deny St. Joe an agricultural use classification for approximately 230 acres of land fronting on the Gulf of Mexico in Bay County, Florida. One suit was filed for the tax year 1991, and another suit filed for the tax year 1992. The two suits were consolidated for trial. In a pre-trial order, the parties stipulated that if the property was determined not to be used for bona fide agricultural purposes, an assessed value of $4,766,840.00 was a reasonable fair market value.
In reviewing the property appraiser's determination, the applicable standard of review has been stated as follows:
"[Property] assessors are constitutional officers and as such their actions are clothed with a presumption of correctness. One asserting error on the part of the [property] appraiser must show by `proof' that every reasonable hypothesis has been excluded which would support the property appraiser. (citation omitted)."
Gianolio v. Markham, 564 So.2d 1131, 1133-34 (Fla. 4th DCA 1990) (quoting Straughn v. Tuck, 354 So.2d 368, 371 (Fla. 1977)); see also Southern Bell Tel. & Tel. v. Markham, 632 So.2d 272 (Fla. 4th DCA 1994).
However, although it is presumed that the determinations of property appraisers are correct, the presumption is rebuttable. If the taxpayer can demonstrate that the property appraiser abused his discretion or failed to follow the required statutory procedures, his determination will not be entitled to the presumption of correctness. 51 Fla.Jur.2d Taxation § 18:86 (1984).
Gianolio v. Markham, 564 So.2d at 1134; see also Blake v. Xerox Corp., 447 So.2d 1348, 1350-51 (Fla. 1984) (only issues available on review of determination of property appraiser are whether appraiser considered all factors mandated by law and whether appraiser's methods and conclusion are supported by any reasonable hypothesis of legal assessment).
Section 193.461(3)(b), Florida Statutes, provides that "only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural." "`Bona fide agricultural purposes' means good faith commercial agricultural use of the land." The statute then sets forth a nonexhaustive list of factors to be considered in the determination of agricultural use, including "whether an indicated effort has been made to care sufficiently and adequately for the land in accordance with accepted commercial agricultural practices,[1] and the "catch-all," "[s]uch other factors as may from time to time become applicable."[2] Zoning regulations must be considered under Section *909 193.461(4)(a)3., Florida Statutes. It is reasonable to conclude that zoning regulations may also be considered under the "catch-all" provision.
[Physical] use [of the land] is still the guidepost in classifying land, although other specifically enumerated factors relative to use may also be considered. Agricultural use is now and has always been the test.
Gianolio v. Markham, 564 So.2d at 1134, citing Straughn v. Tuck, 354 So.2d at 370.
In the proceedings below, appellee failed to show that the property appraiser did not consider the appropriate statutory factors or that no reasonable hypothesis supported the appraiser's determination that the subject property was not primarily used for bona fide agricultural purposes. Although the highest permissible use for the subject property under the existing zoning classification was for silviculture activities, the property was not actually used for that purpose. Nor is the record susceptible of the interpretation that the property appraiser failed to consider factors which it should have considered, such as zoning regulations.[3]
REVERSED and REMANDED for entry of an order consistent with this opinion.
JOANOS and MINER, JJ., concur.
ERVIN, J., concurs with opinion.
ERVIN, Judge, concurring.
I concur with the majority's decision, because the result appears to be required by Straughn v. Tuck, 354 So.2d 368 (Fla. 1977), and, because St. Joe's land remains in its natural, unimproved state, there is ample evidence upon which the tax assessor properly found that the land was not being used for an agriculture purpose. Consequently, I agree that St. Joe has not demonstrated by proof that every reasonable hypothesis has been excluded which would support the tax assessor's refusal to classify the parcel as agricultural.
The troubling aspect of this case to me is the appraiser's valuation of the property. The statutory test for classifying lands for assessment purposes as agricultural or nonagricultural is not the same as that for valuation purposes. The former requires a showing that the realty was "actually used for a bona fide agricultural purpose," section 193.461(3)(a), Florida Statutes (1991), while the latter involves a consideration of the eight factors listed under section 193.011, Florida Statutes (1991). The appraiser here apparently did not take into consideration the fact that St. Joe could not develop the land for the use he designated  commercial and/or residential mixed use  because, under Bay County's comprehensive plan, it had been classified as agriculture or silviculture.[4] Therefore, were it not for the parties' stipulation agreeing to a reasonable assessed value of $4,766,840 if the property were determined not to be used for a bona fide agricultural purpose, I would be inclined to reverse the valuation placed upon the property. I consider that in arriving at his appraisal the tax assessor misconstrued the provisions of section 193.011(2), requiring him to consider, among other factors, "[t]he highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable judicial limitation or local or state land use regulation."
That portion of subsection (2), referring to "any applicable ... local or state land use regulation," was added to the statute by chapter 74-234, section 20, Laws of Florida. As it was not in the 1973 version of the statute, the court in Tuck did not have the opportunity to consider the effect of this amended language in reaching its decision. Moreover, because St. Joe's property had been zoned silviculture under the county's comprehensive plan, and the plan was required to be consistent with the provisions of Florida's Growth Management Act, which *910 was not enacted until 1985,[5] the supreme court, at the time it decided Tuck, similarly was not asked to decide what effect, if any, the provisions of the act might have on a tax appraiser's determination of the highest and best use to which the property could be expected to be placed in the immediate future.
Nevertheless, the Tuck opinion did make the following pertinent observations which remain relevant today to the question of a proper valuation of real property:
The uses under the statute must be immediate, not speculative, and not predicated on conversion to higher or better uses. Present use and immediate future use are strongly influenced by zoning and zoning must, therefore, be considered by the assessor in his determination of just valuation.
Tuck, 354 So.2d at 371-72 (citation omitted). Thus, it appears that while section 193.461(3)(b) requires that actual, current use be agricultural to classify land for agriculture assessment purposes and does not require the assessor to take into consideration any applicable local or state land use regulation, the assessor is required by section 193.011(2) to consider the same in arriving at a just valuation of such property. As a result of the zoning classification of St. Joe's property as silviculture, I think it reasonably clear that this is the highest and best use to which the property can reasonably be expected to be put in the immediate future. I am therefore of the view that the tax assessor, in reaching his valuation, incorrectly focused primarily upon a sale of a large tract of St. Joe's land, of which the parcel at issue was included, in 1986 for $20 million,[6] without paying proper heed to the land use restrictions on the property required by the comprehensive plan, which was not adopted until 1990, following the sale, and which was fully applicable to the assessment periods at issue.
If the appraiser had properly considered the effect of the Growth Management Act,[7] to which Bay County's comprehensive plan is required to conform, he should have realized that whatever flexibility the governing authorities may have formerly enjoyed in granting variances from zoning ordinances, such powers have since been drastically curtailed following the adoption of the act.[8] For example, section 163.3177(6)(a) thereof requires a comprehensive plan to designate, inter alia, the "extent of the uses of land for residential uses, commercial uses, industry, agriculture [.]" (Emphasis added.) Additionally, after a comprehensive plan has been adopted, all development undertaken by "governmental agencies in regard to land covered by such plan or elements shall be consistent with such plan or element as adopted." § 163.3194(1)(a), Fla. Stat.
A number of recent decisions demonstrating the extremely difficult burden placed on a party seeking to vary the use of property from that permitted by a comprehensive plan include City of Jacksonville v. Wynn, 650 So.2d 182 (Fla. 1st DCA 1995); Machado v. Musgrove, 519 So.2d 629 (Fla. 3d DCA 1987), review denied, 529 So.2d 694 (Fla. 1988); and City of Cape Canaveral v. Mosher, 467 So.2d 468 (Fla. 5th DCA 1985). The following passage from Mosher is particularly instructive:
A comprehensive land use plan legislatively sets a zoning norm for each zone. Under Section 163.3194(1) Fla. Stat., after adoption of such a plan, zoning changes, should be made only when existing zoning is inconsistent with the plan and then only in the direction of making the zoning more consistent with the plan; otherwise the plan should be legislatively amended as to the area of the entire zone or as to the uses permitted within the entire zone. This is what the trial court held and this is the only way to (1) regulate and maintain land use by zones; (2) make individual zoning changes, which are essentially executive action, conform to a legislated plan *911 and (3) avoid arbitrary "spot zoning" change that permits the use of individual parcels to depart from a plan.
Mosher, 467 So.2d at 471 (Cowart, J., concurring).
Therefore, the property appraiser, in determining the highest and best use to which the property could be expected to be put in the immediate future, must consider any zoning restrictions in the comprehensive plan prohibiting an owner's nonagricultural use of the property, as well as the probable difficulty of having any such restrictions resolved in the owner's favor within the immediate future. I think it reasonably clear from the record that the appraiser did not take into proper account this factor, which was essential to a reasonable valuation of St. Joe's property. Nevertheless, because of the posture of this case, i.e., the parties' stipulation regarding valuation, the appraiser's failure to so act is now moot, and I am constrained to concur.
NOTES
[1] § 193.461(3)(b)5., Fla. Stat.
[2] § 193.461(3)(b)7., Fla. Stat.
[3] The highest permissible use of the property pursuant to zoning restrictions may be more crucial in a determination of just valuation under Section 193.011, Florida Statutes. We note that the parties have stipulated to the just value of the property in the event of the ultimate determination that the property was not actually used for agricultural purposes.
[4] Under this designation, commercial/residential use is generally prohibited; however, one residential unit per 20 acres is permitted.
[5] Ch. 85-55, Laws of Fla.
[6] St. Joe later recovered title to the disputed 230-acre parcel, pursuant to a suit in foreclosure.
[7] §§ 163.3161-.3243, Fla. Stat.
[8] Indeed, the appraiser did acknowledge that St. Joe's property could not be rezoned from silviculture to a more intensive use "without a struggle."