470 So.2d 850 (1985)
PORPOISE POINT PARTNERSHIP, Etc., Petitioner,
v.
ST. JOHNS COUNTY, Etc., Respondent.
No. 85-274.
District Court of Appeal of Florida, Fifth District.
June 13, 1985.
John D. Bailey, Jr., of Upchurch, Bailey and Upchurch, P.A., St. Augustine, for petitioner.
James G. Sisco, St. Augustine, for respondent.
COWART, Judge.
Certiorari review is sought of a trial court order denying certiorari on review of the denial of rezoning by the zoning authority of St. Johns County.
Alleging that it had previously inadvertently included a certain parcel of its property located on highway A1A North in a prior general rezoning request that resulted in a zoning change from commercial general (CG-B) to residential (RS-3), petitioner requested the Board of County Commissioners of St. Johns County, Florida, to rezone its parcel from residential use back to commercial *851 general. The requested commercial general classification is consistent with the county comprehensive zoning plan.[1] The county zoning authority denied the rezoning on the ground that the petitioner presented no plan for the specific use the petitioner intended to make of the parcel in question.
The circuit court found that even under the "fairly debatable" test the property was improperly zoned residential but denied certiorari review on the basis that it was "fairly debatable" whether the property should be rezoned general commercial (CG-B) or some more restrictive commercial classification.
A property owner is entitled to have his property properly zoned based on proper zoning concepts without regard to the one particular use which the owner might then intend to make of the various uses permitted under a proper zoning classification. A zoning authority's insistence on considering the owner's specific use of a parcel of land constitutes not zoning but direct governmental control of the actual use of each parcel of land which is inconsistent with constitutionally guaranteed private property rights.
The petition for certiorari review is granted, the order of the circuit court is quashed and the cause is remanded for entry of an order remanding to the county zoning authority for a determination of the appropriate commercial zoning classification based on proper zoning concepts rather than on any specific proposed use.
PETITION GRANTED; CAUSE REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] See § 163.3194(1), Fla. Stat.