495 So.2d 224 (1986)
HILLSBOROUGH COUNTY, a Political Subdivision, State of Florida, Petitioner,
v.
Louis W. PUTNEY, and Jeanie T. Putney, Husband and Wife, Respondents.
No. 86-1782.
District Court of Appeal of Florida, Second District.
September 10, 1986.
Rehearing Denied September 25, 1986.
Emeline C. Acton, Asst. County Atty., Tampa, for petitioner.
Louis W. Putney, Tampa, for respondents.
Dana D. Minerva, Senior Atty. Office of the General Counsel, Florida Dept. of Community Affairs, Tallahassee, amicus curiae.
PER CURIAM.
Petitioner, Hillsborough County, Florida, seeks a writ of certiorari to review the trial court's order reversing the decision of the Board of County Commissioners to deny respondents' rezoning application. It is the contention of petitioner that the denial of the rezoning application was proper because the application was not consistent with the comprehensive plan for Hillsborough County. We agree with petitioner and grant the petition.
Respondents, Louis W. and Jeanie T. Putney, filed an application seeking a change in the zoning of certain property *225 from agricultural to commercial neighborhood. This 2.4 acre parcel is located on U.S. Highway 301 in Hillsborough County and is covered by a red maple swamp. The property surrounding respondents' land have the following zoning and uses: to the north is C-2 zoning and contains an empty building; to the east is U.S. Highway 301, agricultural zoning and vacant land; to the south is highway commercial zoning and a package store and lounge; and to the west is C-3 zoning, vacant land and an industrial park. The respondents proposed to construct retail stores on the property.
The staff of the Hillsborough County Environmental Protection Commission determined that the red maple swamp is a conservation area. The record indicates that none of the surrounding properties are conservation areas.
The department of development coordination staff report recommended denial of the commercial neighborhood zoning district because of the traffic conditions on U.S. Highway 301, and because interference with the red maple swamp would violate the Hillsborough County Environmental Protection Act, chapter 84-446, Laws of Florida. The planning commission staff objected to the proposed rezoning because of the conservation area and recommended that respondents amend their application to request a planned development and submit a site plan in compliance with the comprehensive plan. Respondents declined to amend their application. The matter was heard by a special zoning master who agreed with the staff reports.
When the matter was heard by the Board, respondents were again extended the opportunity, which they declined, to amend their application to comply with the comprehensive plan. The Board then concurred with the recommendations of the department of development coordination, planning commission and zoning master, and denied the application.
The circuit court subsequently granted respondents' petition for a writ of certiorari. The court found that enforcement of a "policy" by the Board to disapprove all rezoning applications in conservation areas unless the application is for planned development which requires a site plan was in conflict with the law of the State of Florida, citing Porpoise Point Partnership v. St. John's County, 470 So.2d 850 (Fla. 5th DCA 1985). The court held that the Board's action in denying respondents' application was arbitrary, capricious and unreasonable, and ordered the Board to rezone the property to a zoning classification not more restrictive than neighborhood commercial.
The comprehensive plan for Hillsborough County was adopted by ordinance pursuant to the requirements of the Little Elms Act, chapter 75-390, Laws of Florida, (amended 1977, 1983, 1986). The Little Elms Act, which is similar to the "Local Government Comprehensive Planning and Land Development Regulation Act," part II, chapter 163, Florida Statutes, (1985), states that the status of the comprehensive plan shall be as follows:
(1) After a comprehensive plan, or element or portion thereof, has been adopted in conformity with this act, all development undertaken by governmental agencies in regard to land covered by such plan shall be consistent with such plan as adopted. All land development regulations enacted or amended shall be consistent with the adopted comprehensive plan, or element or portion thereof.
Ch. 75-390, § 14(1), Laws of Fla.; see § 163.3194(1)(a), Fla. Stat. (1985). In the conservation element of the comprehensive plan adopted by Hillsborough County is the following provision: "Disapprove all rezoning applications within conservation areas unless the application is for a planned development which requires detailed site plan review following specific guidelines and criteria." Hillsborough County, Fla., Ordinance 77-26 (Nov. 30, 1977).
Pursuant to the provisions of part II, chapter 163, Florida Statutes (1985), the *226 Board is authorized to disapprove any rezoning application that does not comply with the comprehensive plan. See also, Sengra Corp. v. Metropolitan Dade County, 476 So.2d 298 (Fla. 3d DCA 1985) (inconsistency with the comprehensive development master plan was a valid basis for denying rezoning request); Alachua County v. Eagle's Nest Farms, Inc., 473 So.2d 257 (Fla. 1st DCA 1985), review denied, 486 So.2d 595 (Fla. 1986) (inconsistency with intent and purpose of the comprehensive plan was valid basis for denying special use permit).
The fact that the respondents' zoning application was inconsistent with the comprehensive plan clearly distinguishes this case from that relied on by respondents and the circuit court. In Porpoise Point, the requested rezoning was denied by the county zoning authority on the ground that the property owner did not present a plan showing the specific use intended for the property. The requested rezoning was consistent with the comprehensive plan. The fifth district reversed the zoning authority and held that a property owner is entitled to have his property properly zoned without regard to the one particular use the owner might intend to make of the various uses permitted under a proper zoning classification. Porpoise Point, 470 So.2d at 851. Here, because respondents' land is a conservation area, the comprehensive plan requires either application for a planned site development, including the site plan requirement, or denial of the rezoning request.
The evidence before the Board of County Commissioners reasonably supported its conclusion that Putneys' rezoning application did not comply with the requirements of the comprehensive plan. Absent an abuse of discretion or a clearly erroneous decision, the Board's decision should not have been set aside by the circuit court. Such did not exist in the present case.
We reverse the circuit court and remand the case with directions to reinstate the Board's decision.
Reversed and remanded.
GRIMES, A.C.J., and SCHOONOVER and HALL, JJ., concur.