513 So.2d 247 (1987)
City of NAPLES AIRPORT AUTHORITY, Appellant,
v.
COLLIER DEVELOPMENT CORPORATION, a Florida Corporation, and Collier County, a Political Subdivision of the State of Florida, Appellees.
No. 86-3035.
District Court of Appeal of Florida, Second District.
September 30, 1987.
Robert H. Buesing and Craig P. Clendinen of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
John K. Aurell of Aurell, Fons, Radey & Hinkle, Tallahassee, and Donald A. Pickworth of Asbell, Hains, Doyle & Pickworth, Naples, for appellee Collier Development Corp.; R. Bruce Anderson, Asst. Co. Atty., Naples, for Collier County.
SCHEB, Acting Chief Judge.
Appellant, City of Naples Airport Authority, challenges a final judgment upholding appellee Collier County's rezoning of land adjacent to the Naples Municipal Airport. We affirm.
Appellee, Collier Development Corporation (CDC), petitioned the county to rezone a tract of land called "River Reach" comprising 112 acres north of the Naples Airport. The airport which lies within the city of Naples serves general aviation and commuter needs. CDC sought to rezone this land from light industrial and agricultural uses to permit a planned unit development (PUD) consisting of single family and multifamily residential units.
The Collier County Commission held a public hearing on CDC's petitions at which it heard from members of the general public as well as expert witnesses. Those who appeared discussed the desirability of the *248 proposed development, exploring such issues as density, traffic, safety, and noise in relation to whether the proposed development was compatible with the objectives of the county's comprehensive plan and in particular with the surrounding areas. Appellant contended that the River Reach project was an incompatible development next to an airport. It argued that measurement of noise levels generated by the airport established that River Reach would be an unpleasant place to live. Additionally, appellant suggested that rezoning may expose the airport authority to litigation by residents affected by airport noise. Appellee CDC responded by pointing to recent measurements of noise levels indicating that River Reach's proximity to the airport would not result in an incompatible use of the land. Moreover, CDC emphasized the fact that there were existing residential land uses on three sides of the airport, closer to the airport than the residential units to be developed at River Reach. At the conclusion of the public hearing, the county commission approved CDC's zoning requests.
Appellant filed suit for declaratory decree and injunctive relief seeking to overturn the county's approval of the rezoning. Appellant alleged that the county's approval of the rezoning petitions was arbitrary, capricious, and unreasonable. It further claimed that the residential land use approved by the county was incompatible with the operation of the airport and would likely expose the airport to litigation by virtue of being next to a noise sensitive development.[1] Appellees' answer generally denied appellant's allegations and raised several affirmative defenses. In one of its defenses, appellees contended that appellant was "estopped to complain about residential land use adjacent to the City of Naples Airport, because the City of Naples and Collier County have previously permitted residential use adjacent to the City of Naples Airport."
The record reflects that at the time of the county commission hearing, section 9.9 of the Collier County Zoning Ordinance detailed special regulations for specified areas in and around the Naples Airport. Subsection (a)(3) specified:
(3) It is necessary in the interest of public health and welfare that the establishment of incompatible land uses be prevented in the areas defined as the CNR 100 contour (ASDS 85 DBA) noise area and/or the accident potential hazard areas;
Collier County, Fla., Zoning Ordinance § 9.9(a)(3). The term "incompatible land uses" is not expressly defined in the zoning ordinance.
At a non-jury trial the court received in evidence a transcript of the county commission hearing. The transcript revealed that before approving the rezoning, the county commission heard evidence from both appellant and appellee CDC explaining the different systems currently used to measure airport noise levels. At trial, the experts amplified the evidence which had been before the county commission. They explained that the Composite Noise Ratio (CNR) method employs a concept called the complete noise level which equates the reaction of people to various sound levels and through a calculation comes up with a CNR. The experts further explained that the day-night average sound level (LDN), a newer method of measuring airport noise, monitors the amount of noise using microphones and calculates that noise in decibels. Using formulas, the LDN results are averaged over a 24-hour period.
Additional updated noise contour maps and actual noise testing, developed by experts retained by both sides, were presented to the court. Appellant placed into evidence, through its expert, three exhibits showing that part of the River Reach project would fall within the 100 CNR contour area. Without objection, the court received the Aviation Safety and Noise Abatement Act of 1979 and the Airport Noise Compatibility Planning Part 150 regulation *249 promulgated by the Department of Transportation, Federal Aviation Administration. 49 U.S.C. §§ 2101-2125 (1979); 14 C.F.R. pt. 150 (1984). Table 1 of Part 150 equates 100 CNR with 65 LDN and shows that all forms of residential use are compatible where the noise level is below 65 LDN. This, appellees urge, is consistent with the 1984 Master Plan of the Naples Airport which states, "The restricted land uses suggested in Federal Aviation Regulation Part 150 within the 65 LDN noise contour do not require any special zoning in the area surrounding the Airport because the contours fall either on airport property or over the water."
Prior to trial, appellant contracted with Aviation Planning Consultants for a Federal Aviation Regulation Part 150 Study of the Naples Airport. In fact, appellant stated on several occasions that once the study was completed, the court would have a recognized standard before it which would show the actual noise levels that could be expected. A noise contour map generated by this study showed that no part of the River Reach property where residential units are to be built was within the 65 LDN contour. The court received this study over appellant's objection.
At the conclusion of the hearing, the court took the matter under advisement. Subsequently, the court entered a final judgment approving the action of the county commission in granting the requested rezoning noting "that reasonable men could fairly debate the merits of the zoning decisions in issue in this action." After the court denied appellant's motion for rehearing, new trial and/or amendment to the final judgment, this timely appeal ensued.
On appeal, appellant urges that the county commission's decision to rezone the River Reach project should be reversed since the county commission failed to follow its own zoning ordinance requiring that incompatible land uses be prevented in areas defined as the 100 CNR Contour. We reject this contention. Rather, we think the issue is whether the trial court erred in finding that the county commission's action in determining that the proposed project was not incompatible in the area adjacent to the airport was fairly debatable.
Decisions rezoning land are legislative and local in character. Frequently, as here, they become controversial. Nevertheless, they should be made by local zoning authorities and trial courts are not permitted to sit as "super zoning boards." Where, as here, there is no challenge to the regularity of the county's enactment of a zoning ordinance, the ordinance is presumptively valid. Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). Therefore, if the ordinance enacted by the county can be considered "fairly debatable," it should be affirmed. City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968). To show that an ordinance is fairly debatable, it is only necessary that there be substantial, competent evidence to support the zoning authority's actions. See Bessemer Properties, Inc. v. Miami Shores Village, 110 So.2d 87 (Fla. 3d DCA 1959). Here there was substantial, competent evidence to support the county's rezoning decision, and the trial judge correctly applied this standard by declining to reevaluate the evidence before the county commission or to reweigh conflicts in that evidence. See Board of County Commissioners v. City of Clearwater, 440 So.2d 497 (Fla. 2d DCA 1983).
We find no merit to appellant's second point contending the trial court erred in not allowing sufficient time for rebuttal evidence.
Appellant's remaining point concerning assessment of the maximum amount of costs which can be assessed against appellant under section 57.111, Florida Statutes (1985), is premature in this case and is the subject of a companion appeal now pending before this court in case number 87-1057.
Affirmed.
FRANK, J., and PATTERSON, DAVID F., Associate Judge, concur.
NOTES
[1] The record reflects, however, that while the airport has received noise complaints, no litigation has ensued.