DANIEL, Judge.
This is the second certiorari proceeding in our court involving this zoning case. Petitioner, Porpoise Point Partnership (owner), owns a triangular parcel of real property in St. Johns County that fronts A1A on the north and Ferrol Road, a residential street, on the south. The surrounding properties along A1A are used for commercial purposes. Prior to 1982, the subject property was zoned commercial general, but at that time it was rezoned single family as a result of being inadvertently included in the owner’s application to rezone a larger nearby tract. The owner applied to have the subject property rezoned back to commercial general, 'but the St. Johns County Board of County Commissioners denied the request after determining that a planned special development would be the better approach. After failing to obtain relief in the circuit court, the owner filed a petition for writ of certiorari in this court. This court granted the petition and remanded the case, stating that the subject property must be rezoned in accordance with proper zoning concepts and without regard to the one particular use. which the owner might intend for the property. Porpoise Point Partnership v. St. Johns County, 470 So.2d 850 (Fla. 5th DCA 1985).
On remand, the county’s planning and zoning agency recommended that the property in question be rezoned as a planned special development. The owner objected to this classification before the Board of County Commissioners, once again arguing that the property should be rezoned back to commercial general. The Board of County Commissioners accepted the planning and zoning agency’s recommendation and rezoned the property as a planned special development. The planned special development imposed on the property features a site plan prepared by the county zoning staff showing buildings, parking spaces, driveways, and buffers, and features a development plan prepared by the zoning staff which discusses uses, access, maximum square footage, the location of structures on the site, and orientation of lighting and signs. The county even imposed a development schedule with specific time limits for commencement and completion of the project.
The owner filed a petition for writ of certiorari in the circuit court. The circuit court struck the development schedule, but in all other respects found the county action to be reasonable, and denied the petition. The owner once again seeks certiora-ri review in this court.
Under the St. Johns County Zoning Ordinance, a planned special development is a smaller version of a planned unit development. This concept provides a flexible approach to zoning whereby a development may contain a planned mix of residential, commercial, and industrial uses. See 2 R. Anderson, American Law of Zoning § 11.12 (3d ed. 1986). This type of development requires cooperation between the property owners and the zoning authority *729 in creating an overall plan. The St. Johns County Zoning Ordinance provides that an owner must submit an application for a planned special development, and the application must be accompanied by numerous materials showing the intended plan of the development. As part of this application procedure, all of the owners must agree to proceed in accordance with the adopted planned special development, agree to such conditions and safeguards as may be set by the Board of County Commissioners, agree to produce a written statement of a proposal for the completion of such development, and agree to bind their successors-in-title to any commitments made in the application. See generally St. Johns County, Fla., Zoning Ordinance art. 8-A.
Although a zoning authority generally may rezone property without the owner’s consent, a planned special development by its very nature must be sought by the property owner, and cannot be imposed over an owner’s objection. The county zoning staff basically stepped into the shoes of the owner and prepared the application for the planned special development. The Board of County Commissioners, by approving this procedure, encroached upon the private property rights of the owner.
The purpose of a planned special development is to provide development flexibility that cannot be obtained under traditional zoning districts. A planned special development is not to be used as a tool of the zoning authority to circumvent a property owner’s application to have his property properly rezoned within the framework of traditional zoning districts and regulations. The county’s latest action shows that it is still concerned primarily with the actual development of the subject property, where at this stage it should be concerned with determining which commercial classification is suitable. This certiora-ri proceeding and opinion would have been unnecessary had the county not disregarded this court’s previous opinion. The county’s actions in rezoning the owner’s property to a planned special development was not “fairly debatable”, and therefore the circuit court departed from the essential requirements of law.
WRIT ISSUED.
COWART, J., concurs.
SHARP, C.J., concurs specially with opinion.