SHARP, Chief Judge,
concurring specially.
While I agree with the majority opinion, I would grant the certiorari petition on a narrower basis — failüre to conform with this court’s mandate in the prior proceeding, 3 Fla.Jur.2d Appellate Review § 405 (1978); or the “law of the case,” 3 Fla. Jur.2d Appellate Review § 414 (1978).
In Porpoise Point Partnership v. St. Johns County, 470 So.2d 850 (Fla. 5th DCA 1985), we said:
The petition for certiorari review is granted, the order of the circuit court is quashed and the cause is remanded for entry of an order remanding to the county zoning authority for a determination of the appropriate commercial zoning classification based on proper zoning concepts rather than on any specific proposed use. (emphasis added).
470 So.2d at 851.
By definition the “planned special development” zoning contemplates a specific proposed use.
ON JOINT MOTION FOR CLARIFICATION
The petitioner (owner) and respondent (County) jointly move for clarification of this court’s opinion filed September 22, 1988.
That opinion resulted from the second certiorari proceeding in our court involving the zoning (or rezoning) of property owned by the petitioner.
While we find clarification to be unnecessary, we would remind the parties that the two opinions issued by this court are consistent and should be read together. In the first proceeding, Porpoise Point Partnership v. St. Johns County, 470 So.2d 850, 851 (Fla. 5th DCA 1985), this court stated:
A property owner is entitled to have his property properly zoned based on proper zoning concepts without regard to the one particular use which the owner might then intend to make of the various *730 uses permitted under a proper zoning classification. A zoning authority’s insistence on considering the owner’s specific use of a parcel of land constitutes not zoning but direct governmental control of the actual use of each parcel of land which is inconsistent with constitutionally guaranteed private property rights.
We concluded therein:
... [t]he cause is remanded for entry of an order remanding to the county zoning authority for a determination of the appropriate commercial zoning classification based on proper zoning concepts rather than on any specific proposed use. (emphasis supplied)
Id. Notwithstanding, the county’s next rezoning of the property resulted in the instant action and opinion.
We reiterate (and, perhaps, “clarify”) what we said in our opinion sub judice —“[t]his certiorari proceeding and opinion would have been unnecessary had the county not disregarded this court’s previous opinion.” Porpoise Point Partnership v. St. Johns County, 532 So.2d 727, 729 (Fla. 5th DCA 1988).
SHARP, C.J., and COWART, J., concur.