547 So.2d 690 (1989)
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
The ALLEN MORRIS COMPANY, As Agent for the Owner of Certain Real Property, et al., Appellees.
Nos. 87-1036, 87-1106, 87-1123, 87-2342 and 87-2364.
District Court of Appeal of Florida, Fourth District.
July 26, 1989.
Rehearing Denied August 30, 1989.
*691 Thomas J. Baird and Robert Banks, Asst. County Attys., Palm Beach County, West Palm Beach, for Palm Beach County.
John Beranek of Klein, Beranek & Walsh, P.A., West Palm Beach, for Allen Morris Co. and Realty Leasing Corp. of Georgia.
Nancy Malley Graham of Honigman Miller Schwartz and Cohn, West Palm Beach, for Joe Fearnley.
DELL, Judge.
This court consolidated the above styled appeal (87-2364) with four petitions for writ of certiorari and directed that a single brief be filed by each of the parties on all issues. The appeal and petitions for certiorari review arise out of an action taken by Palm Beach County which granted Bradley Construction Company, Inc.'s (Bradley) application to rezone property owned by Joseph Fearnley (Fearnley) from residential to commercial general and granted a special exception for the construction of mini-storage warehouse facilities. Fearnley owned a seven-acre parcel of property located adjacent to property owned by The Allen Morris Company (Morris). Bradley filed an application for rezoning of the Fearnley property and for a special exception *692 to allow the construction of mini-warehouse facilities on the property.[1]
Morris and Realty Leasing Corporation of Georgia (Realty Leasing) filed an action in the circuit court seeking review of Palm Beach County's rezoning of the property and the special use exception. The circuit court sitting in its appellate capacity stated:
The court has examined the record to determine by reference to the evidence on both sides if the evidence substantially supports the decision of the County. The court is guided by the rule of presumptive validity and by the fairly debatable rule. The court finds that the rezoning approval on the Bradley property, presumed to be valid, is fairly debatable and was supported by competent, substantial evidence in the record.
The trial court also concluded that the special exception for a mini-warehouse did not fall within the zoning code exceptions for an office/warehouse combination or a moving and storage facility. Morris and Realty Leasing filed a petition in this court for certiorari review of the circuit court's January 20, 1987 order which approved the rezoning of the subject property. Palm Beach County, Bradley and Fearnley seek certiorari review of that part of the same order which quashed the special use exception.
After the trial court entered its order of January 20, 1987, it heard and entered an order in a companion case filed by Morris and Realty Leasing which also sought injunctive relief and certiorari review of the action taken by Palm Beach County. Morris and Realty brought this action pursuant to section 163.3215, Florida Statutes (1985) and challenged the rezoning of the Fearnley property based upon its alleged inconsistency with the County's Comprehensive Land Use Plan. The trial court held that res judicata barred further argument based on the "fairly debatable" rule. The trial court found in part:
1. The property in question existed as a "single lot of record" prior to the adoption of the Palm Beach County Comprehensive Plan on August 4, 1980.
2. Pursuant to Chapter 163, Florida Statutes (1985), Palm Beach County has identified various land use categories in its comprehensive plan. All land within the unincorporated area of Palm Beach County has been assigned a particular land use category designation....
3. Commercial land uses within the county are identified within the text of the plan by "reference areas." The property at issue is located within Reference Area 14. Reference Area 14 permits commercial land uses on Military Trail from Southern Boulevard to Lake Worth Road. The plan does not specifically identify the extent or depth of commercial land uses on or along Military Trail.
4. The County's professional zoning and planning staff reviewed the petition requesting rezoning/special exception and recommended approval. The staff found that approval was expressly consistent with the comprehensive plan; i.e., the proposed rezoning to general commercial with a special exception for "moving and storage (enclosed)" was consistent with the plan's designation of commercial land use along Military Trail from Southern Boulevard to Lake Worth Road.
5. The County's Planning and Zoning Commission considered the petition for *693 rezoning/special exception at public hearing. The County determined that the commercial land use of the property extended for its entire depth pursuant to the County's interpretation that the entire "single lot of record" which existed prior to the adoption of the comprehensive plan could be designated as having commercial land use.
... .
7. The unrebutted expert testimony of Stanley Redick is credible and accepted by the court. The Palm Beach County Comprehensive Plan consists of both maps and text. The textual objectives, policies and goals are the controlling portion of the plan when determining a proposal's consistency with the plan; ...
The trial court noted that it had considered the factors set forth in section 163.3194(4), Florida Statutes (1985) and in this court's decision in Southwest Ranches Homeowners Association, Inc. v. Broward County, 502 So.2d 931 (Fla. 4th DCA 1987). The trial court concluded:
Courts must broadly construe comprehensive plans and make reference to the overall plan in reviewing consistency challenges. The court cannot find that a commercial land use on the Fearnley property is inconsistent with the County's comprehensive plan. In fact, the comprehensive plan expressly contemplates that the property has commercial potential. The County's decision to permit a commercial rezoning on the subject property was not, therefore, inherently inconsistent with its comprehensive plan.
Morris and Realty Leasing raise three points on appeal. First, they contend the trial court erred when it found the rezoning of the subject parcel from residential to commercial consistent with the Comprehensive Land Use Plan. Second, the trial court erred when it found the commercial rezoning fairly debatable, and third, the trial court erred when it applied res judicata to bar their arguments that the county's decision was not fairly debatable. Palm Beach County, Fearnley and Morris contend the trial court departed from the essential principles of law when it quashed the County's grant of a special exception for the construction of a mini-storage warehouse. We find no error in the trial court's approval of the rezoning of the subject parcel of land from residential to commercial. We reverse the trial court's order quashing the special exception for construction of a mini-storage warehouse facility.
In their first point on appeal, Morris and Realty Leasing argue that the trial court erred in finding the rezoning consistent with the Comprehensive Land Use Plan because the county admitted that the land use map, which it adopted as part of the land use plan, designated the property as residential. The Palm Beach County Land Use Plan contains a stated policy which provides for a flexible interpretation of the Plan and references to not only the map but also the text of the Plan.
For those in Palm Beach County who worked closely with the 1972 Plan and its later revisions, there are several changes in approach which should be carefully noted between the 1972 system and the 1980 Plan. Several of these are:
1. The 1972 Plan provided a rigid system of districts related to zoning districts. The 1980 Plan does not directly relate to zoning districts and several zoning classifications may be located within a planning area.
2. The 1972 Plan rigidly fixed planning categories. The 1980 Plan leaves considerable flexibility in categories and densities but tempers that flexibility with a fairly rigid set of Performance Standards.
3. In 1972, the Land Use Map was the most important document in the Plan. The 1980 Plan Map, although important, now is supplemented by a text which provides a major part of the Land Use Management System.
The Plan further emphasizes that "the text portion of the Plan shall be considered equal to the map insofar as density restrictions and conditions are concerned." In Southwest Ranches we pointed out:
Sections 163.3194(4)(a)-(b) of the Act permit the court to consider a broad range *694 of factors in determining consistency with a comprehensive plan:
A court, in reviewing local government action on development regulations under this act, may consider, among other things, the reasonableness of the comprehensive plan, or element or elements thereof, relating to the issue justiciably raised or the appropriateness and completeness of the comprehensive plan, or element or elements thereof, in relation to the governmental action or development regulation under consideration. The court may consider the relationship of the comprehensive plan, or element or elements thereof, to the governmental action taken or the development regulation involved in litigation, but private property shall not be taken without due process of law and the payment of just compensation.
It is the intent of this act that the comprehensive plan set general guidelines and principles concerning its purposes and contents and that this act shall be construed broadly to accomplish its stated purposes and objectives.
Id. at 937.
The Fearnley property is a parcel of land 200 feet wide fronting on Military Trail and 1200 feet deep. Morris owns the property adjacent to the north property line of the subject property which the plan map designates as neighborhood commercial. Residential property adjoins the south property line. Prior to rezoning, the zoning designated the front 200 feet as commercial and the rear 1000 feet as residential. Palm Beach County received eleven letters (one with seven signatures) recommending approval of the zoning application. The Commission was informed that the approvals came from the neighborhood and predominantly from owners within the 300 foot limit. Three letters (one with seven signatures) objected to the rezoning. Appellee correctly points out that the record below contains the following competent and substantial evidence in support of the trial court's decision:
1. Professional staff reports analyzing the proposed use and recommending approval of the proposed zoning;
2. The recommendation of the county's advisory "planning commission" supporting the rezoning;
3. Support for rezoning from residents of the neighborhood at the hearing and in the form of letters;
4. A determination that the petitioner [Bradley] had met all the performance standards of the county's comprehensive plan.
Additionally, the text of the Plan designates the map reference area of the subject property as having commercial potential and expressly provides:
Commercial development may be permitted at any location within areas outlined in the text of the Plan or where permitted as accessory uses in a P.U.D.
Morris and Realty Leasing also argue that the trial court should not have considered Palm Beach County's unwritten "single-lot-of-record" policy as a factor supporting the rezoning. They cite ABC Liquors, Inc. v. City of Ocala, 366 So.2d 146 (Fla. 1st DCA), cert. denied, 376 So.2d 69 (Fla. 1979) and City of Miami v. Save Brickell Avenue, Inc., 426 So.2d 1100 (Fla. 3d DCA 1983) and argue that because the "single-lot-of-record" policy is not codified, it constituted an invalid basis for approval of the rezoning. They contend that the County's failure to adopt the policy as an ordinance, permits the County to arbitrarily decide whether the exception should be applied to a given application for rezoning. The County responds by pointing out that the single-lot-of-record policy has been applied in more than thirty cases. However, the record also discloses that in some cases, it has not been applied. The record also shows that prior to consideration of this zoning application, the single-lot-of-record policy was submitted for adoption as an ordinance but withdrawn before submission to a vote.
If the single-lot-of-record policy had been the sole criteria for rezoning of the subject property, we would agree that the trial court erred when it found the rezoning *695 consistent with the master plan. However, the single-lot-of-record policy constituted only one of many criteria utilized by Palm Beach County when it considered and approved the rezoning application. Our review of the record satisfies us that the trial court did not err when it found the rezoning of the Fearnley property consistent with the master plan.
Next, we hold that the trial court did not err when it found Palm Beach County's decision to rezone the property for the commercial use fairly debatable. Therefore, we need not address Morris and Realty Leasing's contention that the court erred in applying the doctrine of res judicata to the "fairly debatable" question. In Southwest Ranches, we cited with approval City of Jacksonville Beach v. Grubbs, 461 So.2d 160 (Fla. 1st DCA 1984).
Our reading of the analysis in Grubbs, with which we agree, is that zoning decisions should not only meet the traditional fairly debatable standard, but should also be consistent with the comprehensive plan... . Where the zoning authority approves a use more intensive than that proposed by the plan, the long term expectations for growth under the plan have been exceeded, and the decision must be subject to stricter scrutiny than the fairly debatable standard contemplates.
Id. at 936.
The record establishes that the trial court satisfied the stricter scrutiny requirements set forth in Southwest Ranches and that it considered the factors set forth in section 163.3194(4)(a) when it found the County's rezoning of the subject property consistent with the master plan.
Finally, we hold that the trial court departed from the essential requirements of law when it quashed the County's grant of an exception for the construction of a mini-warehouse. The County's interpretation of its ordinance providing an exception for a moving and storage facility should have been given deference by the trial court. Reedy Creek Improvement District v. Florida Dept. of Environmental Regulation, 486 So.2d 642 (Fla. 1st DCA 1986). The circuit court's finding lacks a basis in the record for its determination that a "moving and storage facility" does not include a "mini-warehouse."
Accordingly, we affirm the trial court's order dated June 30, 1987 which denied Morris and Realty Leasing's request for injunctive relief and certiorari review of the County's approval of the rezoning application. We grant certiorari and quash that part of the trial court's order dated January 20, 1987 which quashed Palm Beach County's grant of a special exception for the construction of a mini-warehouse.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and POLEN, JJ., concur.
NOTES
[1] In Case No. 87-1036, Petitioner, Palm Beach County, seeks certiorari review of an order dated January 20, 1987 of the circuit court sitting in its appellate capacity which vacated a special exception for the construction of the mini-storage warehouse. In Case No. 87-1106, Petitioners Morris and Realty Leasing seek certiorari review of that part of the circuit court's order dated January 20, 1987 which affirmed Palm Beach County's rezoning of the subject property. In Case No. 87-1123, Petitioner, Bradley seeks certiorari review of that part of the circuit court's January 20, 1987 order which quashed Palm Beach County's approval of the special exception for a mini-warehouse. In Case No. 87-2342, Petitioners, Morris and Realty Leasing, seek certiorari review of the circuit court's order dated June 30, 1987 which denied their complaint for injunctive relief and certiorari review of the rezoning of the Fearnley property. In Case No. 87-2364, Morris and Realty Leasing filed a notice of appeal from the trial court's June 30, 1987 order. This court granted the motion of Morris and Realty Leasing to consolidate the appeal in Case No. 87-2364 with the four petitions for certiorari review.