166 So.2d 827 (1964)
SUN RAY HOMES, INC., a Florida corporation, Appellant,
v.
COUNTY OF DADE, a political subdivision of the State of Florida, et al., Appellees.
No. 63-573.
District Court of Appeal of Florida. Third District.
June 23, 1964.
Rehearing Denied September 10, 1964.
*828 Kommel & Rogers, Miami Beach, Anderson & Nadeau, Miami, for appellant.
Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Leonard J. Kalish, Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The appellant Sun Ray Homes, Inc. appeals an order denying its petition for certiorari in the circuit court. The petition for certiorari was directed to Dade County, a political subdivision, and sought review of a resolution of the Board of County Commissioners which upheld the granting to appellee, Electro Neon Sign, Co., Inc., a permit to erect a sign on property adjoining that of the appellant, Sun Ray Homes, Inc.
The controversy arose out of the interpretation and application of Section 33-118 of the Code of Metropolitan Dade County, Florida. It provides in part as follows:
"Sec. 33-118. Location.
"No portion of a Class C sign shall be placed closer than twenty (20) feet to an official right-of-way line and not closer than five (5) feet to an interior side property line; no closer than fifteen feet to any RU and EU district boundary, and no closer than fifteen (15) feet to any lot on which there is a residential building (regardless of the classification of such lot). In no event shall a Class C sign be placed closer to a street right-of-way than the nearest existing substantial building fronting the same side of street and within one hundred feet of such sign. Plans submitted for permit shall show location and setback of all buildings within one hundred feet of proposed sign location."
An application for a permit for a "Class C sign" was filed by Electro Neon Sign Co., Inc. The permit was issued on June 18, 1962. Appellant as leasee of the adjoining property applied for a public hearing before the Zoning Appeals Board. The application for hearing contained, together with other objections not now relevant, the allegation that the sign was, "(a) closer to the street right-of-way than the Golden Gate Auditorium, the nearest substantial building fronting on the same street and closer to the street right-of-way than the Sun Ray Motel now under construction * * * both of which buildings are within 100 feet of the sign." The Zoning Appeals Board denied the appeal.
*829 The appellant then took an appeal to the County Commission. Substantially the same grounds for reversal were urged and the County Commission by resolution denied the appeal.
The appellant then filed a petition for a writ of certiorari in the circuit court. The only record before the circuit court was the various papers filed in the administrative proceeding before the County Building and Zoning Department, the administrative appeal before the County Zoning Appeals Board and the quasi-judicial proceeding before the Board of County Commissioners. Among these papers is a survey sketch filed by the applicant for the sign permit when it applied to the Zoning Director for the permit. However, attached to the petition for certiorari was an "Exhibit A" which was a survey. It was not shown that this exhibit was before the Board of County Commissioners. Accordingly, upon appellee's motion the circuit judge properly struck the exhibit. The circuit court heard argument upon the petition for certiorari and denied the petition. This appeal is from that order.
The first point raised by the appellant urges that the provision of the Code of Metropolitan Dade County which prescribes that review of any zoning resolution shall be by petition for writ of certiorari[1] is invalid because the ordinance seeks to employ the remedy of certiorari to review actions which are not quasi-judicial in nature. See Harris v. Goff, Fla.App. 1963, 151 So.2d 642. Although certiorari may not be employed to review a legislative action of the Board of County Commissioners,[2] certiorari is proper for the review of a quasi-judicial action.[3] In the instant case the action of the Board of County Commissioners was clearly quasi-judicial because it was a review of an interpretation and application of an ordinance by the Zoning Appeals Board. The ordinance in question is valid as applied to the facts of this case. Accordingly, appellant's first point is without merit.
Appellant's next two points which we consider urge that if the record presented to the circuit court on the petition for certiorari was insufficient, then the respondent-County should have been required to augment the record or the appellant should have been permitted to take testimony in support of his petition. These points are not preserved for review here because appellant alleged in his petition for certiorari filed in the circuit court that "[t]his petition is accompained by a duly certified transcript of so much as is essential of the record of the proceedings, including the decisions, orders and resolutions of which Petitioner seeks review."
The last point presented urges that it was error to dismiss the petition for certiorari because it affirmatively appeared from the allegations of the petition that the permit to erect the sign was issued contrary to the express provisions of § 33-118 of the Code of Metropolitan Dade County. The petition *830 alleged that the action of the Board of County Commissioners was "illegal and void" and in violation of the letter and intent of the Code in that:
"13. * * *
"(a) Respondent, ELECTRO NEON SIGN CO., INC., did not file plans showing location and set-back of all buildings within one hundred feet of the proposed sign location, but filed a plan dated three months prior to the application, which omitted the Sun Ray Motel owned by Petitioner (TR 10).
"(b) Said Permit authorized the sign less than one hundred feet distant from said Sun Ray Motel, to-wit: fifty-six feet, less than one hundred feet distant from the Golden Gate Auditorium, to-wit: eighty-eight feet, and closer to the street right-of-way than said Sun Ray Motel and Golden Gate Auditorium, as shown by location plan made by M.B. Garris, Registered Civil Engineer and Land Surveyor, dated September 17, 1962, annexed hereto and marked `Exhibit A'.
"(c) Said Permit authorized the sign less than one hundred feet distant from the Golden Gate Auditorium, to-wit: eighty-eight feet, and closer to the street right-of-way than the said Golden Gate Auditorium, as shown by Survey Sketch made by Zurwelle-Whittaker, Inc., dated March 15, 1962, (TR 10), and by said Location Plan, `Exhibit A', hereto annexed.
"(d) Said Permit authorized such sign within fifteen feet of a lot on which a residential building is erected, said residential building being erected on the same lot as the sign.
"14. That the purpose and intent and the literal meaning of said § 33-118 was and is to prevent a sign from interfering with or obstructing the view of a substantial building and from blocking the approach thereto and to prevent such sign from being a nuisance and eyesore to such building and generally to protect such building from the menace of a billboard."
Referring to the portions of the petition, above quoted, paragraph 13(a) thereof in substance alleged that the issuance of the permit for the sign was illegal because the applicant did not comply with the requirement of the ordinance that a "plan" should be filed with the application, showing the location and setback of all buildings within 100 feet of the proposed sign. In the following paragraphs it is alleged that the proposed sign is closer to the street right-of-way than appellant's Sun Ray Motel, and the Golden Gate Auditorium. Reference is then made to another plan which may not have been before the County Commission. This is the exhibit which the court struck. Accordingly, this plan may not be considered as supporting the allegations of the petition.
The question is whether the record as it now exists supports the appellant's allegations so as to render the denial of certiorari error by the circuit court. The County argues that although a sketch, properly in the record, shows that the nearest existing building, Golden Gate Auditorium, is set back 24.4 feet at one point and the sign only 20 feet, this is not error because another part of the building is set back only 18.25 feet. It is urged that because a part of the building is within 18.25 feet of the roadway, the sign could have been placed at 18.25 feet and a 20-foot setback was within the proper limit. We believe that the record supports this interpretation.
There remains for examination the question of whether the record before the circuit court supported the allegation that the proposed sign is closer to the street right-of-way than appellant's Sun Ray Motel. The appellant asserted before the Zoning Appeals Board and before the County Commission that the proposed sign was closer to the street than the Sun Ray Motel "now under construction pursuant to permit *831 issued prior to Permit No. 2055S" (the number of the sign permit). It was also asserted that the building under construction was within 100 feet of the sign.
We do not reach the question of whether a building under construction is an "existing substantial building" under the ordinance, because the record presented to the circuit court does not contain any showing that the motel under construction is the "nearest" building or that it is set-back more than the 20-feet setback of the sign.
On the record before it the circuit court correctly denied certiorari.
Affirmed.
NOTES
[1] "See. 33-316. Exhaustion of remedies; court review.

"No person aggrieved by any zoning resolution order, requirement, decision or determination of an administrative official or by any decision of the zoning appeals board may apply to the court for relief unless he has first exhausted the remedies provided for herein and taken all available steps provided in this article. * * * In view of the lack of a legislatively prescribed method to apply to a court of competent jurisdiction to review a decision of the board of county commissioners, when adopted pursuant to this article, it is intended and suggested that such decisions may be reviewed by the filing of a petition for writ of certiorari in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in accordance with the procedure and within the time provided by the Florida Appellate Rules for the Review of the rulings of any commission or board. * * *"
[2] Dade County v. Markoe, Fla.App. 1964, 164 So.2d 881.
[3] DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912.