303 So.2d 423 (1974)
CITY OF NAPLES, a Municipal Corporation of the State of Florida, Appellant,
v.
CENTRAL PLAZA OF NAPLES, INC., a Florida Corporation, Appellee.
No. 74-752.
District Court of Appeal of Florida, Second District.
November 8, 1974.
Rehearing Denied December 11, 1974.
*424 Charles K. Allan, City Atty., Naples, for appellant.
Thomas E. Maloney, Naples, and George L. Hollahan, Miami, for appellee.
GRIMES, Judge.
This is an appeal from an order directing the City of Naples to grant a special exception to the City Zoning Code so as to permit the appellee to construct certain multifamily housing.
Appellee is the owner of an essentially square piece of property which is located between the Gordon River and Goodlette Road in the City of Naples. The property protrudes into the river to the extent that it is bordered by water on three sides. A large shopping center fronting west on Goodlette Road occupies the bulk of the property. Appellee desires to build three four-story multifamily residences on the balance of the property which faces the river. According to the plans, access to the residential complex would be directly into Goodlette Road by means of a boulevard built along the north edge of the property so that there would be no direct vehicle access between the residential area and the shopping center. A row of pine trees would serve as a buffer between the shopping center and the apartments. The appellee agreed to limit permanent residency in the units to persons over the age of sixteen years.
Appellee's entire property is zoned K-a Industrial. The ordinance provides that as a special exception in this zone multiple family residences "may be permitted by the City Council after a joint public hearing with due public notice has been held and a recommendation from the Planning Board has been submitted to the City Council." Appellee filed a petition for a special exception and provided the necessary supporting documents. A joint public hearing was held by the Planning Board and the Naples City Council, at which time there was comprehensive discussion concerning the advisability of granting the exception. Ultimately, the Planning Board by a vote of four to one recommended approval of the exception. Three of the six members of the Council present voted in favor of the exception; the other three voted against it. Upon the advice of the City Attorney, the Mayor declared that the motion for approval had failed by virtue of the tie vote.[1]
Appellee thereafter filed suit seeking a variety of remedies including declaratory relief and a mandatory injunction. The parties agreed to allow the court to decide the case solely upon the transcript of the testimony taken at the joint public hearing and certain exhibits which were stipulated into evidence. The court found that the City's evidence did not substantially controvert the evidence presented by appellee. Concluding that the question of whether to grant the petition was not fairly debatable, the court held that the denial of the petition was arbitrary, unreasonable and capricious.
With respect to special exceptions, the City Zoning Code provides:
"(C) Standards: Prior to granting a special exception, the Planning Board and City Council shall find that the proposed special exception is necessary and/or appropriate to the area in which it is proposed, that it will be reasonably compatible with surrounding uses; that any nuisance or hazardous feature involved is suitably separated and buffered from adjacent uses; that it will not hinder development of nearby vacant properties; that excessive traffic will not be generated on minor residential streets; that a parking problem will not be created; and that the land and/or building which are involved is adequate.
District standards for lots, yards, floor area, height, etc., are designed *425 for permitted uses, not special exceptions. Appropriate standards shall be determined and made a part of a permit for a special exception."
Neither party questions the validity of these standards. Therefore, this case is unlike The City of St. Petersburg v. Schweitzer, Fla.App.2d, 1974, 297 So.2d 74, in which a portion of the zoning code which permitted the granting of special exceptions was held invalid for the failure to include sufficient guidelines to be followed in the granting of these exceptions. The position of appellee below and on this appeal is that its petition for special exception fully complied with all of the applicable standards.
It is well settled that the courts will not interfere with the decisions of zoning authorities acting in their administrative capacity unless such decisions are arbitrary, discriminatory or unreasonable. E.g., Jemco Mastercraft Homes, Inc. v. Metropolitan Dade Cty., Fla.App.3rd, 1972, 267 So.2d 873. In support of its argument that there was a reasonable basis for the denial of appellee's petition, the City points to the evidence presented which indicated that the erection of these apartments would substantially increase the amount of traffic travelling on Goodlette Road. Likewise, there was also some evidence that the construction could result in an overpopulation of the area creating excessive demands on utilities and other services. Yet, as pertinent as these matters may seem to be, the City Council did not have a right to consider them in making its determination. See 2 A. Rathkopf, The Law of Zoning and Planning, 54-27 (3d ed. 1972). The only criteria upon which the Council could legally base its decision were those set forth in the ordinance. North Bay Village v. Blackwell, Fla. 1956, 88 So.2d 524.
The only reference to traffic among the enumerated standards is with respect to minor residential streets. The record clearly shows that Goodlette Road is a main commercial artery and not a minor residential street. There is no reference whatever to the effect that a proposed exception might have upon the ability of the City to furnish utilities and other supporting services. Therefore, the impact of the proposed project on these matters was legally irrelevant.
It has not been seriously argued that the project is inappropriate to the area in which it is proposed. There was no evidence that a properly appointed multiresidential complex bounded on three sides by water and catering to older people would be incompatible with a shopping center where these people might be expected to obtain their necessities. Since the evidence reflects that appellee's petition was in full compliance with all of the standards which were prescribed for the granting of the exception, it should have been granted.
The judgment is affirmed.
McNULTY, C.J., and SIDWELL, BENJAMIN C., Associate Judge, concur.
NOTES
[1] Appellee does not challenge the propriety of this ruling.