537 So.2d 1040 (1989)
FLOWERS BAKING CO., etc., Petitioner,
v.
CITY OF MELBOURNE, Respondent.
No. 88-1391.
District Court of Appeal of Florida, Fifth District.
January 5, 1989.
Rehearing Denied February 3, 1989.
*1041 Patricia K. Olney of Spielvogel and Goldman, P.A., Merritt Island, for petitioner.
Andrew A. Graham and Maureen M. Matheson of Reinman, Harrell, Silberhorn & Graham, Melbourne, for respondent.
COWART, Judge.
Petitioner applied for a conditional use permit for gasoline pumps and gasoline sales ancillary to a proposed convenience store in the City of Melbourne. Although the applicant agreed to meet the city zoning code's conditional use requirements for service stations, and also agreed to all of the Planning and Zoning Board's stipulations, local residents objected and the city council denied the permit. The applicant's petition to the circuit court for a writ of certiorari was denied.
Once the applicant met the initial burden of showing that his application met the criteria of the city zoning code for granting such a permit, the burden was on the zoning authority to demonstrate, by substantial, competent evidence presented at a public hearing and made part of the record, that petitioner's application did not meet the zoning code requirements and that the requested permit was, in fact, adverse to the public interest. See Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla. 1986), affirming the dissent of Judge Zehmer in Irvine v. Duval County Planning Commission, 466 So.2d 357 at 362 (Fla. 1st DCA 1985). Objections of local residents to the conditional use permit based on fears as to increased traffic do not constitute such substantial, competent evidence. See BML Investments v. City of Casselberry, 476 So.2d 713 (Fla. 5th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986).
WRIT GRANTED. REMANDED to the circuit court with instructions to direct the issuance of the conditional use permit.
DAUKSCH, J., concurs.
SHARP, C.J., concurs in result only.