575 So.2d 774 (1991)
CITY OF MELBOURNE, Appellant,
v.
HESS REALTY CORPORATION, Appellee.
No. 90-276.
District Court of Appeal of Florida, Fifth District.
March 7, 1991.
James L. Reinman, Andrew A. Graham, Maureen M. Matheson and Michael R. Riemenschneider, Melbourne, for appellant.
Elting Storms of Foley & Lardner, Melbourne, for appellee.
COBB, Judge.
The issue posed in the instant appeal, as it was in Flowers Baking Co. v. City of Melbourne, 537 So.2d 1040 (Fla. 5th DCA), review denied, 545 So.2d 1366 (Fla. 1989), is whether the City of Melbourne properly denied a conditional use permit to install gasoline pumps in conjunction with a proposed convenience store.
Unlike the earlier case, the applicant in this case, Hess Realty Corporation, did not file a timely petition for certiorari review by the circuit court. Instead, some four months after the city council denied its application, Hess filed an injunctive action in circuit court seeking to mandate the City to grant the permit. The City raised the affirmative defense, inter alia, that Hess was barred from the relief it sought because of the latter's failure to timely file a petition for writ of certiorari within thirty days of the City's action. Therefore, the City contended that the circuit court lacked subject matter jurisdiction.
At the conclusion of a non-jury trial, the circuit court held that it had subject matter jurisdiction. It also made the following finding:
5. The zoning regulations in question have no objective criteria regarding weighing a conditional use permit application for a service station as they fail to set up or establish reasonable standards which would be applied to all properties similarly situated.
The trial court then found that the City had not produced substantial, competent evidence to support its conclusion that: the *775 conditional use would be adverse to the public interest; the City had a history of granting similar uses under the same ordinance; or that denial of the application was arbitrary and unreasonable. The trial court then directed the City to issue the conditional use permit to Hess. This appeal by the City ensued.
In its appellate brief, the City initially requests "that this court resolve the City's confusion about whether its procedure for granting a conditional use permit is a quasi-judicial (administrative) function or a legislative function." The answer is: quasi-judicial. See De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957). Where notice and hearing are required and a judgment of the municipal board is contingent on the showing made at the hearing, the action is judicial or quasi-judicial. De Groot at 916; Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), approved, 419 So.2d 1041 (Fla. 1982); see also, Flowers Baking Co. at 1041. The fact that the Melbourne Zoning Code requires the council to pass an ordinance to grant a conditional use permit cannot change the inherent judicial nature of the proceeding. The City's argument that the trial court erred in applying a quasi-judicial standard of review to a legislative act is therefore clearly without merit.[1]
The City is correct, however, in its asserted defense that the trial court lacked jurisdiction to address any issue concerning sufficiency of the evidence presented to the city council. The proper method for Hess to have brought that issue before the circuit court was a timely petition for certiorari, not by a complaint for injunctive relief. See City of St. Petersburg v. Cardinal Industries Development Corp., 493 So.2d 535 (Fla. 2d DCA 1986); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). Hess was not entitled to a trial de novo on the evidence by simply filing an action in circuit court some three months too late.
Consequently, the judgment of the trial court must be sustained, if at all, on its finding that the zoning regulations in question are invalid because they failed to establish objective criteria or reasonable standards for the City to follow in weighing applications for conditional use permits. In other words, subject matter jurisdiction of the circuit court was properly invoked only in respect to the constitutionality of the City's regulations pertaining to conditional use permits. This issue is not one that pertains to the sufficiency of the evidence but rather to the clarity and specificity of the regulations as enacted by the City in its legislative capacity.
We have reviewed those allegations and cannot agree with the trial court's finding in paragraph 5 of its judgment. We find the zoning ordinance pertaining to conditional uses prescribes definite standards for the guidance and control of the zoning officials and the municipal council. See North Bay Village v. Blackwell, 88 So.2d 524, 526 (Fla. 1956); Drexel v. City of Miami Beach, 64 So.2d 317, 319 (Fla. 1953); and Life Concepts, Inc. v. Harden, 562 So.2d 726 (Fla. 5th DCA 1990).
In point of fact, the appellee's brief concedes this issue. After citing to the North Bay Village case for the proposition that a zoning ordinance must prescribe definite standards for the guidance and control of the municipal council, the appellee states:
Here, the City provided those standards. Article XV lists several criteria, including, in precise detail, the exact information required to be submitted on a site plan. Section 10  attached for ease of reference in the accompanying appendix  sets forth the definite requirements for a service station conditional use permit. The requirements include detailed lot size restrictions, setback requirements, tank storage provisions and other *776 precise conditions. Appendix A. Hess met each and every one of these requirements.
It may well be that Hess did meet each and every requirement and that the City was wrong, based on the evidence raised at the hearing before the city council, in denying Hess's application. But that issue should have been raised by a timely petition for certiorari review by the circuit court  and it was not. The evidence presented to the City at public hearing was not presented to the circuit court and it is not before us.
Hess cites to City of Naples v. Central Plaza of Naples, Inc., 303 So.2d 423 (Fla. 2d DCA 1974) as support for its contention that it is entitled to the same relief based on the same standards whether it seeks that relief by a complaint for injunctive relief or by petition for writ of certiorari. We do not agree. In City of Naples, the losing applicant for a special exception to a city zoning code filed an action for declaratory relief and mandatory injunction in the circuit court, and the parties agreed to decide the case solely upon the transcript of the testimony taken at the public hearing before the Naples City Council  thereby treating the matter, in effect, as a misnomered petition for certiorari review of the council's action. There is no indication in City of Naples that the circuit court action was untimely, i.e., that it was filed more than 30 days after the council's action.
Accordingly, we must reverse the trial court's judgment insofar as it was predicated on an evidentiary basis because it acted without subject matter jurisdiction in that regard, and we reverse its constitutional holding based upon our reading of the zoning ordinance.
REVERSED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] In regard to this point we should note, in fairness to the trial judge, that he was led into error by counsel for both sides, who mutually agreed that the City's action in reviewing Hess's application constituted a legislative as opposed to quasi-judicial function. Counsel for the City apparently urged such an interpretation in order to release the City from due process requirements in this and other conditional use cases; counsel for Hess, on the other hand, was probably motivated by the 30 day limit for filing a petition for certiorari.