578 So.2d 415 (1991)
Thomas J. HIRT, Petitioner,
v.
POLK COUNTY BOARD OF COUNTY COMMISSIONERS and Jack M. Watkins, Sr., Respondents.
Nos. 90-03173, 90-03318.
District Court of Appeal of Florida, Second District.
April 17, 1991.
Curtis J. Grodin and Jeff Albinson of Merkle & Magri, P.A., Tampa, for petitioner.
Andrew R. Reilly of Reilly & Lasseigne, Haines City, for Jack M. Watkins, Sr.
*416 Mark Carpanini, Office of Polk County Atty., Bartow, for Polk County Bd. of County Comm'rs.
SCHEB, Acting Chief Judge.
Thomas J. Hirt challenges the circuit court's order dismissing his amended petition for a writ of certiorari by which he sought judicial review of a zoning decision of the Board of Polk County Commissioners. Hirt's petition alleged a lack of substantial, competent evidence to support the Board's decision. In dismissing Hirt's petition, the court suggested that injunctive relief, rather than certiorari, was the appropriate method of review. We reverse and remand for the circuit court to hear Hirt's petition on its merits.
The facts relevant to our review are undisputed. Hirt owned property adjacent to an area being developed by Jack M. Watkins, Sr. Watkins' property, a planned unit development (PUD 89-25), was intended to be developed in phases. The stated purpose of PUD 89-25 was to develop 258 residential homesites on 58.6 acres. Opposition over the new PUD mounted when Watkins presented his proposals to county zoning authorities. Over the objections of Hirt and other property owners in the vicinity, the Polk County Zoning Advisory Board voted to recommend approval of Watkins' plans with certain conditions. Thereafter, Hirt filed for a de novo hearing before the Board of County Commissioners, a right available under Polk County Zoning Ordinance 83-2 to any landowner whose property may be substantially affected due to proximity. Basically, Hirt and the other objectors contended that Watkins' proposals did not meet the minimum requirements specified in ordinance 83-2 as prerequisites for approval of a planned unit development.
On April 17, 1990, the Board of County Commissioners conducted a de novo hearing. As required by Ordinance 83-2, notice of the hearing was given to all interested parties. Witnesses were heard, an opportunity for cross-examination was afforded, exhibits were introduced, and a verbatim record of the proceedings was made. At the conclusion of the hearing, the Board voted to accept the Advisory Board's recommendation and approved Watkins' proposals.
Hirt then timely filed his petition for certiorari in the circuit court, alleging a lack of substantial, competent evidence to support the Board's decision. Watkins, the developer, moved to dismiss Hirt's petition. On October 1, 1990, after extended arguments, the court dismissed Hirt's petition without prejudice for him to file for injunctive or other relief. It is this order which is now before us.
At the outset, we point out that as the reviewing appellate court, the scope of our review is narrow. We are simply to determine if the circuit court afforded the petitioner procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). As the circuit court dismissed Hirt's petition and did not rule on its merits, it follows that if Hirt was entitled to have the Board of County Commissioners' order reviewed by way of certiorari, he was not afforded procedural due process. We think Hirt pursued the correct remedy in filing his petition for certiorari and the court erred in not hearing his petition on the merits.
Zoning decisions of county commissions and other local governmental bodies are generally classified as either legislative or quasi-judicial. Certiorari is the proper method to review the quasi-judicial actions of a Board of County Commissioners, whereas injunctive and declaratory suits are the proper way to attack a Board's legislative actions. Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827, 829 (Fla. 3d DCA 1964). See Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981); approved, 419 So.2d 1041 (Fla. 1982).
Courts have frequently discussed the distinction between the standards of review which furnish the guidelines to determine the validity of different types of zoning actions. It has long been established that in reviewing a legislative action, e.g., enactment of a zoning ordinance, courts must uphold a properly enacted and *417 constitutional ordinance as long as it is "fairly debatable." Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). In reviewing quasi-judicial actions, however, courts are called upon to determine if the action of the local governmental body is supported by substantial, competent evidence. De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957). This difference in the scope of review is appropriate. The judicial deference inherent in the "fairly debatable" standard is suitably employed to review legislative actions whereby a governmental body makes local policy decisions. Such deference, however, is unnecessary and inappropriate in reviewing issues which essentially involve a determination of whether the facts in the case being considered meet the criteria of a specific ordinance.
Whether a board's zoning decision is considered legislative or quasi-judicial appears to turn on whether the local governmental body is enacting an ordinance, in which case it is acting legislatively, or enforcing it, in which case it may be acting quasi-judicially. Thus, creating zoning districts and rezoning land are legislative actions, and as this court said in Naples Airport Auth. v. Collier Dev., 513 So.2d 247, 249 (Fla. 2d DCA 1987), trial courts are not permitted to sit as "super zoning boards" and overturn a board's legislative efforts.
However, when appellate courts have been called upon to classify governmental bodies' application of zoning ordinances, their decisions have sometimes tended to blur the distinction between legislative and quasi-judicial actions. To determine the proper classification of an action, we look to two factors: (1) the nature of the petitioner's challenge and (2) the manner in which the Board went about making its decision.
First, as to the nature of Hirt's challenge, he acknowledges that he is not contesting the validity or applicability of the underlying ordinance. If he were, the proper method for review would be injunctive relief. See Florida Land Co. v. City of Winter Springs, 427 So.2d 170, 174 (Fla. 1983); City of Melbourne v. Hess Realty Corp., 575 So.2d 774 (Fla. 5th DCA 1991).
The planned unit development concept varies from the traditional concept of zoning classifications. It permits a flexible approach to the regulation of land uses. Compliance must be measured against certain stated standards. Hirt's contention is that by not requiring compliance with certain provision of Ordinance 83-2, e.g., inadequate impact statement, rights of way, and utility requirements, the Board is not properly enforcing the ordinance's provisions with respect to PUD 89-25.
Thus, Hirt's challenge is similar to that made in Sun Ray. There, petitioners sought certiorari review of a county board's granting of a permit to erect a particular type of sign. As in the instant case, the petitioners in Sun Ray were concerned about enforcement of an ordinance's provisions, not the ordinance's validity or applicability. The court held that since the Board was called upon to review an interpretation and application of an ordinance by a Zoning Appeals Board and the ordinance was not challenged per se, the Board's decision was "clearly quasi-judicial."
Next, we consider the manner in which the Board made its decision. In De Groot, the supreme court explained that a quasi-judicial function is characterized by a decision which is made contingent on evidence deduced at a judicial-type proceeding. See Flowers Baking Co. v. City of Melbourne, 537 So.2d 1040 (Fla. 5th DCA), review denied, 545 So.2d 1366 (Fla. 1989); Town of Indialantic v. Nance. For example, in De Groot, a decision by a Civil Service Board regarding whether a petitioner's job should be abolished was reviewable by certiorari. The court said the Board's action was a quasi-judicial function "for the reason that it arrived at its decision after a full hearing pursuant to notice based on evidence submitted in accordance with the statute here involved." De Groot at 915.
In the instant case, the de novo hearing conducted by the County Commission was similar to that referenced in De Groot. As noted above, notice was given to all interested *418 parties, evidence was received, and a verbatim record was taken. Thus, the proceedings were clothed with all the characteristics of a quasi-judicial proceeding.
Since the Board's action was quasi-judicial, Hirt properly sought review through certiorari. At that point, the trial court should have reviewed his petition and determined if the Board provided him with due process and if its findings were supported by substantial, competent evidence. Deerfield Beach. Failure to do so was error.
Our opinion addresses only the trial court's procedural error in dismissing Hirt's petition for certiorari. Therefore, we do not express any opinion as to the merits of any of the allegations of the petition. We merely remand and direct the circuit court to reinstate Hirt's petition for certiorari and then review the Board's decision under the standards announced in Deerfield.
RYDER and DANAHY, JJ., concur.