656 So.2d 945 (1995)
Robert M. GRACE and John A. Callahan, Appellants,
v.
TOWN OF PALM BEACH, a municipal corporation, and Donald Trump, Appellees.
No. 94-0836.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
Rehearing and Clarification Denied July 11, 1995.
John L. Bryan, Jr. of Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellants.
Jack J. Aiello, L. Louis Mrachek and David P. Ackerman of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellee-Donald Trump.
John C. Randolph of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee-Town of Palm Beach.
STONE, Judge.
We affirm a final order of dismissal.
The trial court was correct in determining that it lacked jurisdiction to review de novo the action of the town commission granting a special exception to change the use of a well-known estate from residential to a private club. The commission's decision was reviewable only by a petition for writ of certiorari filed within 30 days of the action, as the special exception was approved in a quasi-judicial proceeding. See Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla. 1993); Hirt v. Polk County Bd. of County Comm'rs, 578 So.2d 415, 417 (Fla. 2d DCA 1991). See also Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827, 829 (Fla. 3d DCA 1964); City of St. Petersburg v. Cardinal Indus. Dev. Corp., 493 So.2d 535, 537 (Fla. 2d DCA 1986); City of Fort Pierce v. Dickerson, 588 So.2d 1080, 1082 (Fla. 4th DCA 1991); Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940, 943 (Fla. 5th DCA), dismissed, 537 So.2d 568 (Fla. 1988); § 10.50, Palm Beach Town Code.
Appellants, neighboring property owners, do not dispute that the special exception proceedings were quasi-judicial, and would have been subject to review by petition for writ of certiorari within 30 days. Here, however, after 30 days had passed, they sought de novo review by declaratory judgment, primarily on the grounds that an approved incidental use allows guest suites at the club to be occupied by member-guests for limited periods of time. According to Appellants, this permitted occupancy contravenes a separate town ordinance that does not permit living quarters in private clubs in residential neighborhoods. Appellants assert that the effect of approving the special exception was to amend the distinct code provision prohibiting club living quarters  a legislative action, therefore subject to de novo review.
*946 The holding of Snyder was, inter alia, that zoning decisions, including those approving or disapproving a request for a variance or a special exception, resulting from a proceeding in which zoning provisions are applied to a specific property affecting a limited number of people, are quasi-judicial in nature. But here Appellants allege that the town's approval created a new policy which amounted to a modification of the code and, therefore, legislative action. See Josephson v. Autrey, 96 So.2d 784 (Fla. 1957).
We conclude that the commission hearing was quasi-judicial and that Appellants' remedy was by petition for certiorari within 30 days after the date the decision was rendered. We also note that section 10.50 of the town code provides for this method of review, stating that any person wishing to appeal such a decision "may" petition for writ of certiorari within 30 days. Appellees correctly point out that by allowing persons to characterize any portion of zoning action believed to be erroneous as "legislative" would render meaningless the Snyder analysis, as well as the 30 day time limit for filing certiorari petitions under rule 9.100, Florida Rules of Appellate Procedure, and the town code. We cannot conclude that, by allowing very limited use of member guest suites, the town in fact was amending its other ordinance.
Appellants rely on Hirt to support their contention that the town's action was legislative, but that case actually supports the trial court's dismissal. The appellant in Hirt was seeking relief similar to that sought here. The Hirt court determined that certiorari was the proper remedy for the appellant, a landowner whose property was adjacent to the property being developed as a PUD. The developer's proposal was approved by the county, despite the contention that the proposal was contrary to provisions in other county ordinances. The challenge, like the instant one, was not to the validity of the underlying ordinance; instead, the argument was that by not requiring compliance with other provisions of the ordinances, the county was not enforcing those ordinances. The court determined the challenge was analogous to that in Sun Ray Homes, which led to its conclusion that the board's action was quasi-judicial.
In Sun Ray Homes, the Board of County Commissioners upheld the granting of a permit to erect a sign on the property of the appellee Electro Neon Sign Co., adjoining the appellant Sun Ray Homes' property. The appellant contended the permit was issued contrary to provisions of the code. The court determined that the action of the board "was clearly quasi-judicial because it was a review of an interpretation and application of an ordinance." 166 So.2d at 829.
In Cardinal Industries, the property owner challenged the denial of an application for special exception both by petition for certiorari and complaint for declaratory judgment, but then dismissed the petition for certiorari. The appellate court concluded that the proper method to attack the sufficiency of the evidence for denial of the application was by way of petition for certiorari, while a declaratory judgment suit would be the way to test the validity of the city code.
We have considered Josephson and deem it inapposite. In Josephson, a neighboring landowner utilized a remedy provided by a then existing statute to contest a zoning appeals board decision to grant a variance. At that time, sections 176.16-.17, Florida Statutes (1957), provided a remedy for any person aggrieved by a decision of a zoning board. Under that statute, the aggrieved party could file a verified petition setting forth the alleged illegal decision of the board, specifying the grounds of illegality. Chapter 176 of the Florida Statutes was repealed in 1973 by chapter 73-129, § 5, at 247-48, Laws of Florida. Today, the supreme court's Snyder decision sets forth the standard for determining the nature of the proceeding and the appropriate method of review. Josephson does not support Appellants' argument that a party aggrieved by the decision of a local government argued to be, in part, unauthorized under the zoning ordinances, can disregard the Snyder analysis and instead seek a declaratory judgment rather than filing a timely petition for certiorari.
*947 We find no error as to Appellants' other issue. Therefore, the final order is affirmed.
PARIENTE and SHAHOOD, JJ., concur.