681 So.2d 1132 (1996)
AMENDMENT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.020(a) AND ADOPTION OF FLORIDA RULE OF APPELLATE PROCEDURE 9.190.
No. 89005.
Supreme Court of Florida.
September 27, 1996.
Marguerite H. Davis, Chair, Appellate Court Rules Committee, Tallahassee, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for Petitioner.
PER CURIAM.
The Appellate Rules Committee of The Florida Bar has filed a petition to adopt on an emergency basis an amendment to Florida Rule of Appellate Procedure 9.020(a) and to adopt a new interim Florida Rule of Appellate Procedure 9.190. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The committee points out that these amendments are required to facilitate administrative appeals pursuant to the new Administrative Procedure Act, chapter 120, Florida Statutes, scheduled to take effect on October 1, 1996. The committee explains that a subcommittee composed of administrative law practitioners and judges reviewed the new act, identified changes that impacted administrative appellate proceedings, and drafted the proposed rule to address these changes. Areas of primary concern included appeal and review commencement provisions and the record on appeal. The Board of Governors of The Florida Bar approved the amendments by a vote of 43-0.
Upon consideration, we hereby approve and adopt these amendments to the Florida Rules of Appellate Procedure. The text of the proposed amendments is attached hereto as an appendix. These amendments shall become effective on October 1, 1996, at 12:01 a.m. However, within forty-five days hereof, *1133 any person may file with this Court comments directed toward the propriety or wisdom of these amendments for further consideration by the Court.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. An order of any public official, including the governor in the exercise of all executive powers other than those derived from the constitution, or of a judge of compensation claims on a claim for birth related neurological injuries, or of any agency, department, board, or commission of the state or any political subdivision, including municipalities. Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, Chapter 120, Florida Statutes;
(2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.

Committee Notes
1996 Amendment. Subdivision (a) was amended to reflect the current state of the law. When the term "administrative action" is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.

RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) Applicability. Judicial review of administrative action shall be governed by the general rules of appellate procedure except as specifically modified herein.

(b) Commencement.
(1) An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).
(3) Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.

(c) The Record.
(1) Generally. As further described in this rule, the record shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.

(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A) In an appeal from any proceeding conducted pursuant to section 120.56 (rule challenges) or sections 120.569 (decisions which affect substantial interests) and 120.57(1), Florida Statutes, (decisions which affect substantial interests involving disputed material facts), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), *1134 Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.
(B) In an appeal from any proceeding pursuant to sections 120.569 (decisions which affect substantial interests) and 120.57(2), Florida Statutes, (decisions which affect substantial interests involving no disputed issue of material fact), the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.
(C) In an appeal from any proceeding pursuant to section 120.565, Florida Statutes, (declaratory statements), the record shall consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Weekly; the declaratory statement issued by the agency or the agency's denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.
(D) In an appeal from any proceeding pursuant to section 120.574, Florida Statutes, (summary proceeding), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.
(E) In an appeal from a rule adoption pursuant to sections 120.54 (rule adoption) and 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency's rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 (rule adoption) and 120.541, Florida Statutes, (statement of estimated regulatory costs); all notices and findings made pursuant to section 120.54(4), Florida Statutes, (adoption of emergency rules); all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes, (rule adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes, (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.
(3) Review of Non-Final Action Pursuant to the Administrative Procedure Act. The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action.
(4) Review of Administrative Action Not Subject to the Administrative Procedure Act. In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be required to prepare a record or record index. The petitioner or appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.
(5) Videotaped Testimony. In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape shall be transcribed and the transcript shall be made a part of the record before the record is transmitted to the court.
(6) Modified Record. The contents of the record may be modified as provided in rule 9.200(a)(2).
(d) Attorneys' Fees.
*1135 (1) Attorneys' Fees. A motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes. The assessment of attorneys' fees may be remanded to the lower tribunal or the administrative law judge or referred to a special master.
(2) Review. Review of orders rendered under this rule shall be by motion filed in the court within 30 days of the order's rendition. Review of objections to reports of special masters shall be on motion filed in the court within 30 days of the report's filing.

Committee Notes
1996 Amendment. Appeals which fall within the exception included in subdivision (b)(3) are commenced in accordance with subdivision (b)(1). Therefore, administrative action by appeal in a circuit court, if prescribed by general law, is commenced pursuant to subdivision (b)(1). Unless review of administrative action in circuit court is prescribed by general law to be by appeal, review in circuit court is by petition for an extraordinary writ commenced pursuant to subdivision (b)(3). See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995). Subdivision (b)(3) supersedes all local government charters, ordinances, rules and regulations which purport to provide a method of review in conflict herewith.
Subdivision (c) was adopted to identify more clearly what constitutes the record in appeals from administrative proceedings. Several sections of the Florida Administrative Procedure Act, as revised in 1996, specifically state what shall constitute the record in certain types of proceedings, and this rule incorporates that statutory language. The rule makes clear that the record shall include only materials that were furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed. The intent of this statement is to avoid the inclusion of extraneous materials in the record that were never reviewed by the lower tribunal.
Subdivision (c)(2)(A) is based on provisions of section 120.57(1)(f), Florida Statutes. This subdivision of the rule governs the record from proceedings conducted pursuant to section 120.56 and sections 120.569 and 120.57(1), Florida Statutes. This is because section 120.56(1)(e), Florida Statutes, states that hearings under section 120.56, Florida Statutes, shall be conducted in the same manner as provided by sections 120.569 and 120.57, Florida Statutes.
Subdivision (c)(2)(B) lists the provisions of section 120.57(2)(b), Florida Statutes. Subdivision (c)(2)(B)(vii), which refers to "any decision, opinion, order, or report by the presiding officer," was added by the committee to the list of statutory requirements.
Subdivision (c)(2)(C) addresses the record on appeal from declaratory statement requests pursuant to section 120.565, while subdivision (c)(2)(D) lists the provisions of section 120.574(2)(d), Florida Statutes. Subdivision (c)(2)(E) of the rule addresses proceedings governed by sections 120.54 and 120.68(9), Florida Statutes. The definition of the rulemaking record tracks language in section 120.54(8), Florida Statutes.
Subdivision (c)(3) makes clear that rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action, while subdivision (c)(4) governs the record in administrative proceedings not subject to the Administrative Procedure Act.
Subdivision (c)(5) states that if videotape is used to preserve hearing testimony, the videotape shall be transcribed before the record is transmitted to the court.
Subdivision (d) was adopted to conform to the 1996 revisions to the Administrative Procedure Act. Recoupment of costs is still governed by rule 9.400.