890 So.2d 1288 (2005)
In the Interest of R.B., a Minor Child.
D.K.B., mother, Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D04-4742.
District Court of Appeal of Florida, Second District.
January 21, 2005.
Bernard J. McCabe, State Attorney, and Kerya Koeut, Assistant State Attorney, Clearwater, for Appellant.
D.K.B., pro se.
Scott T. Orsini, St. Petersburg, for Appellee.
ALTENBERND, Chief Judge.
D.K.B., the mother of R.B., appeals an "order on pretrial conference" entered in a termination of parental rights proceeding. Initially, this court treated the appeal as an authorized appeal from a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.146. On further consideration, this court concludes that the supreme court did not create a special category of interlocutory appeals when it approved rule 9.146. Because interlocutory appeals are controlled by Florida Rule of Appellate Procedure 9.130, which does not permit an appeal in this situation, this court has no jurisdiction to review this pretrial order by appeal. Therefore, we have treated the appeal as if it were filed as a petition for writ of certiorari and conclude that the petition must be denied.
*1289 Subsection (b) of rule 9.146 states that "any parent . . . affected by an order of the lower tribunal . . . may appeal to the appropriate court within the time and in the manner prescribed by these rules." The reference to "an order" in this rule caused this court to believe that the rule created a right of appeal from both final orders and nonfinal orders.[1] An examination of the entire rule and the statutes that resulted in its creation, however, demonstrates that it does not create any right to appeal nonfinal orders.
Unlike many civil cases, dependency and termination proceedings do not conclude with a single final order that permits the trial court to close its case. There are several orders that are treated as final orders in dependency and termination cases. See, e.g., G.L.S. v. Dep't of Children & Families, 724 So.2d 1181 (Fla. 1998) (termination and disposition orders are both appealable). Thus, when the legislature enacted statutes regulating appeals in dependency and termination proceedings, it did not refer to the right to appeal a final order, but merely referred to the right to appeal "an order." See §§ 39.510(1) (relating to dependency proceedings),.815, Fla. Stat. (2003).
The legislature of course, is not permitted to create nonfinal appeals. The Florida Constitution specifies that only the supreme court can create jurisdiction for interlocutory appeals in the district courts. See Art. V, § 4(b)(1), Fla. Const. (1968). Nothing in the legislative history of section 39.510(1) or section 39.815 suggests that the legislature was attempting to create a right of interlocutory appeal in violation of the Florida Constitution.
Rule 9.146 was promulgated in 1996. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla. 1996). At that time, The Florida Bar Appellate Rules Committee created several special rules to provide specific guidance for appeals that previously had been governed by rule 9.110. See Fla. R.App. P. 9.180 (addressing workers' compensation); Fla. R.App. P. 9.190 (addressing administrative appeals); see also Amendment to Florida Rule of Appellate Procedure 9.020(a) and Adoption of Florida Rule of Appellate Procedure 9.190, 681 So.2d 1132 (Fla.1996). Nothing in the history of rule 9.146 suggests that the Committee intended to create a new category of nonfinal appeals; the Committee was merely implementing the language of the above-referenced statutes.
Rule 9.146(a) specifies that appeal of dependency and termination orders shall be as in civil cases except as modified by rule 9.146. Rule 9.146 does not attempt to modify rule 9.130. Rule 9.130 is clearly written to regulate the appeal of all nonfinal orders. The civil order on appeal in this case is not included in subsection (3) of rule 9.130. Thus, we conclude that rule 9.146 provides no exception or expansion to the appeals permitted under rule 9.130.
When an order is not listed in rule 9.130, review "shall be by the method prescribed by rule 9.100." See Fla. R.App. P. 9.130(a). That method is normally common law certiorari. See In re G.D., 870 So.2d 235 (Fla. 2d DCA 2004) (quashing nonfinal order on certiorari review). The *1290 order challenged by D.K.B. does not depart from the essential requirements of the law resulting in irreparable injury to her. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Accordingly, we treat this appeal as a petition for writ of certiorari, and deny the same.
Petition for writ of certiorari is denied.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] The truth is, without any analysis or express holding, this court has previously handled three similar cases relying on different jurisdictional bases. In two this court processed the case as an interlocutory appeal. In re J.W., 29 Fla. L. Weekly D2764 (Fla. 2d DCA Dec. 10, 2004); In re J.P., 875 So.2d 715 (Fla. 2d DCA 2004). In the third case, we processed the case as a certiorari proceeding. In re G.D., 870 So.2d 235 (Fla. 2d DCA 2004). The author of this opinion confesses that he participated in all of these cases.